**DISTRICT OF COLUMBIA, Appellant,**

v.

**MERIT SYSTEMS PROTECTION BOARD, et al.**

**No. 84–5426.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 29, 1985.
Decided May 21, 1985.

---

William J. Earl, Asst. Corp. Counsel for the District of Columbia, Washington, D.C., with whom John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel for the District of Columbia, Washington, D.C., were on the brief, for appellant. Edward E. Schwab, Washington, D.C., entered an appearance for appellant.

Philip G. Sunderland, Washington D.C., with whom James M. Hecker, Washington D.C., was on the brief, for appellee Lee A. Lendt.

Joseph J. Ellis, Atty., Merit Systems Protection Bd., of the Bar of the Supreme Court of Virginia, pro hac vice by special leave of the Court, Washington, D.C., with whom Evangeline W. Swift, Gen. Counsel, and Mary J. Jennings, Associate Gen. Counsel, Merit Systems Protection Bd., Washington, D.C., were on the brief, for appellee Merit Systems Protection Bd.

Before WALD, MIKVA and STARR, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This appeal arises out of an apparent gap in the various statutes and agreements transferring District of Columbia employment matters from the federal personnel system to a newly created local system. In 1973, Congress directed the District to establish a local personnel system within five years that would replace the existing framework under which District employees were governed by the federal system. *See* District of Columbia Self-Government and Governmental Reorganization (Home Rule) Act, Pub.L. No. 93–198 § 422(3), 87 Stat. 774, 791 (1973). In 1978, the District enacted the Comprehensive Merit Personnel Act, D.C.Code § 1–601.1 *et seq.*, which created the general framework for a local personnel system. The Personnel Act provides for appeal of local personnel actions to the District's Office of Employee Appeals (OEA), *see id.* § 1–606.3(a), and allows any employee or local agency to seek review of OEA decisions in the Superior Court of the District of Columbia, *see id.* at § 1–606.-3(d).

The District was unable to implement the OEA system until December 4, 1980. *See generally id.* § 1–637.1(f) (delaying the effective date of the OEA framework until the enactment of employee appeal regulations). In order to provide for administrative appeals of local personnel decisions in the interim between the enactment and the full implementation of the Personnel Act,

the District contracted with the Merit Systems Protection Board (MSPB) to adjudicate local employee appeals from January 1, 1980 until the OEA became operational. *See* Agreement Between the District of Columbia and the Merit Systems Protection Board ¶¶ 1–2, Record Excerpts ("RE") at 1–2 (Dec. 20, 1979); *see generally* 31 U.S.C. § 1537(a)(1) (authorizing the District to delegate local functions to federal agencies under appropriate circumstances). The agreement provided that "[t]he final decision of the Merit Systems Protection Board in any appeal heard under the authority of this agreement shall constitute the final administrative decision of the District of Columbia government." Agreement ¶ 2, RE at 1–2.

On December 1, 1980, before the District implemented its OEA, Lee Lendt was terminated from his position in the District's Department of Human Resources. Pursuant to the procedure specified in his separation notice, Lendt appealed his termination to the MSPB and, in the course of the MSPB proceeding, the District conceded error and rescinded his separation. Lendt then moved for, and received, an award of attorneys' fees from the MSPB. *See Lendt v. District of Columbia*, 15 M.S.P.B. 779, slip op. at 2–5, RE at 11–14 (1983) (looking to the Back Pay Act, 5 U.S.C. § 5596, as authority for the fee award). The District then petitioned for review of the fee award in Superior Court under D.C.Code § 1–606.-3(d), the local law provision governing judicial review of OEA decisions.[1] The District

named the MSPB as the sole respondent, and the MSPB thereupon removed the action to federal district court. *See* 28 U.S.C. § 1442(a)(1).[2]

In federal court, the MSPB moved to dismiss the District's action on the ground that it was barred by sovereign immunity. Lendt moved to intervene as a defendant and submitted a separate motion to dismiss. He argued that the local law provision governing review of OEA decisions could not create local court jurisdiction for the District's suit because the local statute did not become effective until after the employment action that gave rise to this dispute and because that statute provides judicial review for OEA, not MSPB, decisions.[3] The district court granted both Lendt's unopposed motion to intervene and the MSPB's motion to dismiss. *See District of Columbia v. MSPB*, Civ. No. 83–2483 (D.D.C. Jan. 31, 1984). After ruling that sovereign immunity prevented the District from naming the MSPB as a respondent, the district court dismissed the entire action. *See id.*, mem. op. at 5.

The District then petitioned the district court to amend its dismissal order by reinstating the review proceeding against intervenor-defendant Lendt and remanding the action to Superior Court. Without explanation, the district court declined to do so. *See District of Columbia v. MSPB*, Civ. No. 83–2483 (D.D.C. June 4, 1984) (Order). The District now appeals *only* the district

---

1. In its petition for review of the MSPB decision in Superior Court, the District argued that the MSPB lacked the authority to award attorneys' fees against the District because the Personnel Act made the federal Back Pay Act inapplicable to District employees and no other provision in local law authorized attorneys' fees in employment actions. *See* Sup.Ct.R. Item 1; *see generally* D.C.Code § 1–633.2(a)(5)(G) (superseding 5 U.S.C. § 5596 for District employees).

2. Section 1442(a)(1) provides that "[a]ny officer of the United States or any agency thereof, or person acting under him" can remove a state court action to federal court. 28 U.S.C. § 1442(a)(1). Although this removal provision arguably refers only to individual federal *officers,* courts have generally interpreted the stat-

ute broadly to allow federal agencies to remove when sued in state courts. *See, e.g., IMFC Professional Servs., Inc. v. Latin Am. Home Health, Inc.,* 676 F.2d 152 (5th Cir.1982); *James River Apartments, Inc. v. Federal Housing Administration,* 136 F.Supp. 24 (D.Md.1955); *cf. Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969) (dicta).

3. Section 1–606.3 provides in relevant part that:

    Any employee or agency may appeal the decision of the [OEA] to the Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove or modify such decisions, or take any other appropriate action as the Court may deem necessary.

    D.C.Code § 1–606.3(d).

court's refusal to reinstate and remand to Superior Court a review proceeding naming Lendt as the respondent. *See* District's Brief at 17; District's Reply Brief at 2. We therefore have no occasion to review the district court's conclusion that the District's suit against the MSPB was barred by sovereign immunity and we express no view on that ruling.

The dispute underlying this appeal raises thorny questions concerning the District's ability to seek judicial review of MSPB decisions made pursuant to the transitional agreement between the District and the MSPB. We need not and do not decide *any* of those questions today. Instead, the only issue in this appeal is whether the district court should have remanded the District's proceeding against Lendt to Superior Court once it determined that the District could not name the MSPB as a respondent in an action to secure judicial review of the fee award. We conclude that the district court should have done so.

■ Lendt sought intervention in this case under Rule 24 of the Federal Rules of Civil Procedure which provides intervention of right for any interested person "so situated that the disposition of the action may, as a practical matter, impair or impede [her] ability to protect [her interest in the underlying dispute] unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted. *See, e.g., United States v. Oregon,* 657 F.2d 1009, 1014 (8th Cir.1981); *Marcaida v. Briscoe,* 569 F.2d 828, 831 (5th Cir.1978); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1920 (1972 & Supp.1984); 3B *Moore's Federal Practice* ¶ 24.16[6] (2d ed. 1985). By successfully intervening, a party makes herself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." 3B *Moore's Federal Practice* § 24.16[6], at 181; *cf.*

*Wheeler v. American Home Prods. Corp.,* 582 F.2d 891, 896 (5th Cir.1977).

We see no reason to depart from the general rule here. Lendt intervened as a defendant in order to make additional arguments in support of dismissal, arguments that he would have presumably raised in Superior Court as well. He filed a substantial motion to dismiss and assumed an active role in defending his interests in the underlying controversy which, he asserted, were substantially different from those of the MSPB. *See* Memorandum in Support of Motion to Intervene As a Defendant at 4–5, RE at 33–34 (Oct. 12, 1983). The "price" of such intervention, we believe, is the possibility that the plaintiff will be able to obtain relief against the intervenor-defendant even if the original defendant is eliminated from the lawsuit.

Because Lendt assumed the status of an original party upon intervention, the district court was obliged to dispose of the District's review action against Lendt once it determined that the MSPB could not be named as a respondent in this dispute. In its motion to remand, the District argued that its attempt to secure judicial review of Lendt's fee award presented a question of local law properly resolved in Superior Court. The dismissal of the District's claim against the MSPB, in other words, eliminated the sole basis for removal jurisdiction and left the district court with a local law claim for judicial review in local court over which it could not have exercised original jurisdiction. Under these circumstances, we believe that the district court should have remanded the District's remaining claim against Lendt to Superior Court.

■ When federal parties remove an action under section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit. *See, e.g.,* 1A *Moore's Federal Practice* ¶ 0.164[1], at 385–87. If the federal party is eliminated from the suit after removal under this provision, the district court does

not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. *See, e.g., IMFC Professional Servs., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158–59 (5th Cir.1982); *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir.1975); *Peroff v. Manuel*, 421 F.Supp. 570, 576 (D.D.C.1976). Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court. *See, e.g., IMFC*, 676 F.2d at 160; *Peroff*, 421 F.Supp. at 576–77; 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3727, at 462; 1A *Moore's Federal Practice* ¶ 0.164[1], at 387–89; *cf.* 28 U.S.C. § 1441(c) (providing discretion to remand or to adjudicate pendent state law claims when removal is premised on the existence of federal claims).

■ In this case, Lendt raised a substantial argument that the District cannot obtain judicial review of his fee award in Superior Court under local law, an argument that the district court did not address. *See supra* p. 131.[4] Although the district court never actually determined whether to remand or to entertain this challenge to local court jurisdiction, we believe that a remand to Superior Court is the appropriate course of action under the circumstances of this case. Lendt's jurisdictional challenge presents a complex question of purely local law: whether the Personnel Act can be interpreted to provide for judicial review of employee appeals decided under the District's transitional agreement with the MSPB. Moreover, the federal party

was eliminated from this case well before any proceedings concerning either Lendt's separate jurisdictional challenge or the merits, so that judicial economy or fairness to the parties will not be sacrificed by a remand to local court. In this context, federal courts in this circuit and elsewhere regularly remand cases removed under section 1442(a)(1) once the federal party is eliminated. *See, e.g., District of Columbia v. Moxley*, 471 F.Supp. 777, 784 (D.D.C. 1979); *Peroff*, 421 F.Supp. at 576; *Givoh Assocs. v. American Druggists Ins. Co.*, 562 F.Supp. 1346 (S.D.N.Y.1983); *Boyer v. Regli*, 510 F.Supp. 1078, 1080 (E.D.Pa. 1982); *see also IMFC*, 676 F.2d at 160 (suggesting that failure to remand under these circumstances may constitute an abuse of discretion); *cf. United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966) (counselling against the assertion of pendent claim jurisdiction over difficult state law questions when federal claims are dismissed well before trial).[5]

Because the federal party was eliminated shortly after removal and because the District's action against Lendt implicates complex local law questions, we believe that a prompt remand to local court will best serve the interests of comity, fairness and judicial economy here. *Cf. Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 760 F.2d 312, 317 (D.C.Cir.1985) (ordering dismissal for improper venue rather than remanding for a district court determination of whether dismissal or transfer was appropriate). We therefore reverse the district court's dismissal order as applied to Lendt and remand to the district court with

---

**4.** We do not believe that the district court's summary denial of the District's motion to reinstate and remand its action against Lendt can be read as an implicit substantive ruling that local courts in fact lack this jurisdiction under local law. Instead, it seems clear that the district court (erroneously) assumed that the entire action must be dismissed once it determined that the District could not sue the MSPB in order to obtain judicial review of Lendt's fee award.

**5.** Lendt also argues that the MSPB is an "indispensable party" under Rule 19(b) of the Federal Rules of Civil Procedure to any action in *local* court challenging the propriety of his fee award.

Under this view, the District's remaining review action against Lendt must be dismissed given the district court's ruling that the MSPB cannot be named as a respondent in this case. Whether the MSPB is an indispensable party to a *local* court review proceeding, however, presents a question of local law properly resolved after remand in Superior Court. *See generally* D.C. Super.Ct.R.Civ.P. 19 (describing joinder of the persons needed for just adjudication); *Flack v. Lasher*, 417 A.2d 393 (D.C.1980) (interpreting the indispensable party requirement in local law).

instructions to remand the District's remaining action against Lendt to Superior Court.

*So Ordered.*