**Decided July 21, 1988**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

AUGUSTA B. MATSUMOTO and )    CIVIL ACTION NO. 88-11
JOSE Y. MATSUMOTO,            )
                             )
            Plaintiff,        )
                             )
      vs.                     )         ORDER
                             )
MAXIMO DELOS REYES AKIYAMA    )
and MARIA A. ALDAN, Sole      )
heirs of MARIA SABLAN DELOS   )
REYES, deceased,             )
                             )
            Defendants.       )
_____ )

After intervening in this lawsuit and successfully moving to dismiss all of plaintiffs' claims directly affecting her interests in the property, which is the subject matter of this action, Victoria Vaughn now seeks sanctions against plaintiffs.

### TIME FOR FILING MOTION, OPPOSITION, AND REPLY

Initially, Intervenor Vaughn has sought to have plaintiffs' opposition to her motion for sanctions and the affidavit of counsel attached thereto stricken for failure to comply with Rule 8(a)(2), Com.R.Prac. A hearing was scheduled on Vaughn's motion for Wednesday, July 20, 1988. Plaintiffs filed their opposition to Vaughn's motion on Friday, July 15, 1988. Vaughn contends that Rule 8(a)(2), Com.R.Prac. should be read

466

in conjunction with Rule 6(a), Com.R.Civ.Pro. and, therefore, plaintiffs' opposition was untimely. Plaintiffs maintain that their opposition was timely as Rule 8(a)(2), Com.R.Prac. makes no reference to Rule 6(a), Com.R.Civ.Pro.

Due to the apparent confusion regarding the computation of time for filing opposition to motions and replies thereto, the court will not strike plaintiffs' opposition in this case. However, the court would like to take this opportunity to lay such confusion to rest.

Henceforth, Rule 8(a)(2), Com.R.Prac., Rule 6(d), Com.R.Civ.Pro., and Rule 56(c), Com.R.Civ.Pro., will be read in conjunction with Rule 6(a), Com.R.Civ.Pro.

Rule 6(a), Com.R.Civ.Pro. states that in the event any motions, pleadings, or other papers are to be filed with the court within the 11 days preceding the hearing on such matter, Saturdays, Sundays and legal holidays will be excluded for purposes of computing time. Therefore, if a hearing on a motion is scheduled for a Wednesday, any opposition to such motion must be filed by the preceding Wednesday (or seven calendar days prior to hearing) and any reply to such opposition by the preceding Monday (or two days prior to the hearing). In cases where the Monday preceding a Wednesday hearing date is a legal holiday, any opposition must be filed by Tuesday, eight calendar days prior to the hearing, and any reply to such opposition by the preceding Friday (five calendar days prior to the hearing).

467

## SANCTIONS

In *Matsumoto, et al. v. Akiyama, et al.*, Civil Action No. 86-13, this court ruled that the dismissals of *Augusta B. Matsumoto v. Akiyama, et al.*, Civil Action No. 85-34 and *Jose B. Matsumoto v. Akiyama, et al.*, Civil Action No. 85-35 preclude any question as to Vaughn's ownership interest in Lot Nos. 825 and 826. This decision was subsequently affirmed on appeal. *Matsumoto, et al. v. Akiyama, et al.*, DCA No. 86-9031.

Plaintiffs' complaint in the present action, although it did not formally name Vaughn as a party, again sought to call into question Vaughn's interest in Lot Nos. 825 and 826. In paragraph 11 of both the first and second causes of actions, plaintiffs note that Vaughn has asserted claims over the real property in question which are contrary to the claims of each of the plaintiffs. Each plaintiff then prays for a judgment that the Determination of Ownership issued by the Land Commission respecting defendants and Vaughn's interest in Lot Nos. 825 and 826 be declared null and void. Plaintiffs further ask the court to declare that plaintiffs have acquired title and ownership of Lot Nos. 825 and 826 by adverse possession. These prayers for relief are exactly the same as the ones requested by plaintiffs in *Matsumoto, et al. v. Akiyama, et al.*, Civil Action No. 86-13. In this case, plaintiff Augusta B. Matsumoto further prays that defendant Aldan be required to defend her title "joining Victoria A. Vaughn as a party paying all attorney's fees, costs, and other charges

468

incurred in such prosecution."

Plaintiffs' complaint seeks essentially the same relief as was requested in Matsumoto, et al. v. Akiyama, et al., id., except that plaintiffs added one paragraph to each of their two causes of action claiming damages for breach of warranty of good title against defendants Akiyama and Aldan. It appears then that plaintiffs attempt to circumvent the prior rulings of the court by requesting that they be found to possess title to Lot Nos. 825 and 826 without naming Vaughn as a defendant. Indeed, plaintiffs have consistently acknowledged that they are precluded from claiming title to this property against Vaughn.

Subsequent to the filing of plaintiffs' complaint, Vaughn sought to intervene in this action as a matter of right to protect her interest in the property in question. Rule 24(a)(2), Com.R.Civ.Pro. Plaintiffs did not contest Vaughn's motion to intervene and on April 21, 1988 this court ordered that Vaughn be allowed to intervene to protect her property interests.

Thereafter, Vaughn moved to dismiss plaintiffs' claims. On June 6, 1988 this court dismissed all of plaintiffs' claims except those against defendants Akiyama and Aldan for breach of warranty deeds. Vaughn now seeks sanctions against the plaintiffs pursuant to Rule 11, Com.R.Civ.Pro.

The language of Rule 11 indicates that sanctions are only available to "the other party or parties." Plaintiffs contend that "Vaughn voluntarily and totally unnecessarily entered a lawsuit which claimed no relief against her...." However, the

court in granting Vaughn's motion to intervene, over no objection from plaintiffs, found that she was intervening as a matter of right. Rule 24(a)(2), Com.R.Civ.Pro. Thus, it cannot be maintained that Vaughn's intervention was unnecessary.

Intervenors under Rule 24(a)(2) assume the status of full participants in the lawsuit and are normally treated as if they were original parties once intervention is granted. District of Columbia v. Merit Systems Protection Bd., 762 F.2d 129, 132 (D.C. Cir. 1985); 7C Wright & Miller, Federal Practice and Procedure, S 1920 at 488 (1986). Clearly, once intervention under Rule 24 has been granted, the intervenor becomes a "party." U.S. v. Board of Education, 605 F.2d 573, 576 (2nd Cir. 1979); Hartley Pen Co. v. Lindy Pen Co., 16 F.R.D. 141, 153 (D.C. Cal. 1954). Thus, there can be no doubt that Vaughn qualifies as a "party" capable of seeking sanctions under Rule 11.

Rule 11 may be invoked when claims are made in bad faith, recklessly, or without basis in fact or law. Monarch Ins. Co. v. Ins. Corp. of Ireland, Ltd., 110 F.R.D. 590, 593 (SD NY 1986). The subjective intent of an attorney in filing a lawsuit is irrelevant in determining whether Rule 11 was violated, rather what must be considered is whether the attorney examined the facts and the law before instituting legal process and whether a reasonable attorney would have believed such action was justified. Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1984). In examining whether sanctions are

470

applicable under Rule 11, the court must examine the objective reasonableness of the claim in light of existing law and facts. <u>Michigan Nat'l Bank v. Kroger Co.</u>, 619 F.Supp. 1149, 1155 (ED Mich. 1985). If this standard of objective reasonableness is unsatisfied, sanctions are mandatory. <u>Cabell v. Petty</u>, supra.

In this instance, plaintiffs' previous suit against defendants and Vaughn was dismissed with prejudice. <u>Matsumoto, et al., v. Akiyama, et al.</u>, Civil Action No. 86-13. The plaintiffs' present attorney was also counsel for plaintiffs in that preceding action. Despite this prior dismissal, which was based on the previous dismissals of Civil Action Nos. 85-34 and 85-35, plaintiffs have again sought to challenge Vaughn's title and interest in Lot Nos. 825 and 826. Although plaintiffs did not name Vaughn as a defendant, the relief sought in their complaint clearly seeks to determine title to property which has been previously found to be owned by Vaughn. As such, plaintiffs' complaint, as it related to Vaughn's interests in Lot Nos. 825 and 826, cannot be said to have been grounded in either law or fact and, therefore, sanctions are appropriate.

This matter will be set down for further hearing as to the amount of such sanctions at 9:00 a.m., August 3, 1988.

Dated at Saipan, MP, this <u>21st</u> day of July, 1988.

Robert A. Hefner, Chief Judge