861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re JENKINS CLINIC HOSPITAL FOUNDATION, INC., Debtor,
Ernest Earl MUSGRAVE, Jr., M.D., Plaintiff-Appellant,
v.
Betty HUNSAKER, Roger Watkins, W. Raymond Collins, T.V.
Bumgardner, William Ray Mullins, Robert Carter,
William S. Howard, and Jenkins Clinic
Hospital Foundation, Inc.,
Defendants-Appellees.
 No. 87-6114.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before NATHANIEL JONES and RYAN, Circuit Judges, and THOMAS G. HULL,* Chief District Judge.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant in this action appeals the district court's decision affirming the bankruptcy court's dismissal of his claims against the defendants-appellees. Because we find that the claims currently asserted by the plaintiff-appellant were resolved by orders and agreements in prior bankruptcy proceedings, we affirm the district court's decision.
 
 I.
 
 2
 The defendant-appellee, Jenkins Clinic Hospital Foundation, Inc. ("the Foundation"), filed a petition for relief under Chapter XI of the Bankruptcy Act, 11 U.S.C. Secs. 1101-1174 (1982), in the United States Bankruptcy Court for the Eastern District of Kentucky on November 1, 1971. The plaintiff-appellant, Dr. Ernest Earl Musgrave, Jr. had previously filed an individual bankruptcy petition in the same court on August 19, 1971.
 
 
 3
 Between November 1971 and April 1983, the Foundation acquired approximately three million dollars, an amount sufficient to satisfy in full the principal amounts of all known claims of its creditors. On May 24, 1983, the Foundation filed a plan of arrangement providing for full payment of all obligations that became due and owing prior to November 1, 1971. To facilitate a determination of claims, the bankruptcy court entered an order fixing October 28, 1983 as the last day for filing claims, whether arising before or after the filing of the Foundation's bankruptcy petition. The bankruptcy court's order stated that claims filed after October 28, 1983 were barred.
 
 
 4
 Musgrave filed two claims totalling over 1.8 million dollars prior to the bar date. Both claims pertained to notes executed to him by the Foundation in connection with his sale to the Foundation of certain hospital facilities in 1969. Musgrave's trustee in bankruptcy filed claims which largely duplicated Musgrave's individual claims.
 
 
 5
 On December 12, 1983, lawyers for both the Foundation and Musgrave's estate announced to the bankruptcy court that they had reached a settlement. According to the agreement, Musgrave's estate would receive $1,000,000 from the Foundation in return for withdrawing its objections to the plan of arrangement.
 
 
 6
 On January 3, 1984, the bankruptcy court entered an agreed order allowing payment of $1,000,000 to Musgrave's estate--but disallowing the claims filed individually by Musgrave. Counsel for Musgrave signed this and other agreed orders which withdrew Musgrave's objections and confirmed the plan of arrangement. The confirmed plan of arrangement provided that "a creditor accepting and consenting to the arrangement shall thereby release and discharge [the] debtor from any and all claims, arising prior to November 1, 1971...." Bankruptcy Court decision at 5. The order of confirmation contained similar discharge provisions.
 
 
 7
 On March 5 and August 1, 1984, Musgrave objected to certain claims filed against his estate by the Bank of Whitesburg ("the bank") in his individual bankruptcy proceedings. One of these claims pertained to a note dated November 1, 1970, in the amount of $17,656.73, payable to the bank, and executed by Musgrave and his wife, Florence B. Musgrave Simpson. Another claim involved two notes dated September 10, 1970, totalling $10,000.00, which were executed for the Foundation by its President and Secretary, and which also were endorsed by Musgrave and Simpson. Musgrave argued that these claims were obligations of the Foundation.
 
 
 8
 The bank's claims were resolved by an agreed order entered August 2, 1984, signed by Musgrave's counsel, whereby Musgrave's trustee was authorized to pay the bank $23,847.65 in full settlement of all of the bank's claims against Musgrave and his estate. The terms of the order stated that if the bank was unable to collect interest from the Foundation on the notes endorsed by Musgrave and Simpson, Musgrave would remain liable for accrued interest on those notes up to $7,446.91.
 
 
 9
 On June 8, 1985, Musgrave filed the instant action in the Letcher Circuit Court of Kentucky against the Foundation and the following individuals: Betty Hunsaker, Roger Watkins, W. Raymond Collins, T.V. Bumgardner, William Ray Mullins and Robert Carter (all of whom had been officers and/or directors of the Foundation during the Chapter XI proceedings); and William S. Howard (the attorney for the Foundation). The complaint alleged that, during the course of the Foundation's Chapter XI proceedings, the defendants jointly entered into a "continuing and fraudulent conspiracy with the express and avowed intent to defraud and cheat [Musgrave] from receiving the indebtedness owed to him by the Foundation under and pursuant to the contract and sale of his interest in the assets constituting the principal assets of [the] Foundation...." J.App. at 9. The complaint set forth some fourteen acts allegedly undertaken by the defendants pursuant to the alleged conspiracy. Musgrave sought $1,000,000 for emotional distress and bodily harm allegedly resulting from the defendant's actions; $200,000 for attorney's fees; $1,000,000 for lost income; and $23,847.65 plus interest for monies paid in settlement of the bank's claims against his estate.
 
 
 10
 On February 6, 1985, the case was removed to the United States Bankruptcy Court for the Eastern District of Kentucky. In these proceedings, Musgrave moved to voluntarily dismiss the Foundation as a party defendant while specifically reserving his claims against the individual defendants. Concurrently, Musgrave sought to have the case remanded to the Letcher Circuit Court, arguing that the bankruptcy court would lack subject matter jurisdiction over the case once the debtor Foundation was dismissed as a party. J.App. at 22. Finally, Musgrave moved for the presiding judge to recuse himself pursuant to 28 U.S.C. Sec. 455 (1982). In support of this motion, Musgrave argued that the presiding judge's familiarity with the prior bankruptcy proceedings would compromise his impartiality. Musgrave also argued that the presiding judge would likely be called as a witness in the trial. J.App. at 24-26.
 
 
 11
 After denying Musgrave's recusal motion, United States Bankruptcy Judge Joe Lee issued a memorandum opinion on April 21, 1987, denying Musgrave's remaining motions and dismissing his complaint. The bankruptcy court held that Musgrave's complaint was void ad initio because it was filed in violation of the automatic stay provisions of Bankruptcy Rule 11-44.[1] The bankruptcy court further found that Musgrave's claims were barred by: (1) prior orders entered with regard to the Foundation's Chapter XI plan of arrangement; (2) prior orders entered in Musgrave's individual bankruptcy proceedings; and (3) the terms of the settlement between Musgrave's trustee and the Foundation, in which settlement the court found Musgrave to have actively participated and concurred. Given these findings, the bankruptcy court found it unnecessary to consider Musgrave's motion to dismiss the Foundation and remand the case to state court.
 
 
 12
 Musgrave appealed the bankruptcy court's decision to the United States District Court for the Eastern District of Kentucky. In a memorandum opinion filed on September 4, 1987, United States District Judge Henry R. Wilhoit, Jr. affirmed the bankruptcy court's decision in all respects. The district court held that Judge Lee was not required to recuse himself because his knowledge of the case was acquired in the course of his judicial duties and because there were no issues left for a trial at which Judge Lee might be called as a witness. In addition, the district court upheld the bankruptcy court's finding that Musgrave's claims against the individual defendants already had been resolved by prior orders and agreements, and further ruled that Bankruptcy Rule 11-44 stayed Musgrave's claims against both the debtor and non-debtor defendants. Since the district court found that Musgrave's claims were barred, the court found it unnecessary to address Musgrave's remaining argument that the Foundation should have been dismissed as a party defendant and the case remanded to state court.
 
 
 13
 On October 1, 1987, Musgrave timely filed his notice of appeal from the district court's decision.
 
 II.
 
 14
 Musgrave argues on appeal that the bankruptcy judge was required to recuse himself pursuant to 28 U.S.C. Sec. 455 (1982). Musgrave further argues that the bankruptcy court erred in failing to dismiss the Foundation as a party defendant and remand this case to the Letcher Circuit Court. Finally, Musgrave contends that his claims against the non-debtor defendants were neither void ab initio nor resolved by orders and agreements in the prior bankruptcy proceedings. After carefully reviewing the record in this case, we conclude that the lower courts did not commit any reversible error.
 
 A.
 
 15
 Musgrave's argument that the bankruptcy judge was required to recuse himself pursuant to 28 U.S.C. Sec. 455 is without merit. Under section 455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." (Emphasis added). Courts have held that "bias and prejudice for the purposes [of section 455] must stem from an extra-judicial source, not from information gained in the course of the proceeding." In Re Manoa Financing Company, Inc., 781 F.2d 1370, 1373 (9th Cir.1986), cert. denied, 107 S.Ct. 948 (1987). See also Southerland v. Irons, 628 F.2d 978, 980 (6th Cir.1980). Since it is clear in the instant case that the bankruptcy judge acquired his knowledge of the evidentiary facts in the course of performing his judicial duties, he clearly was not required to recuse himself under 28 U.S.C. Sec. 455(b)(1).
 
 B.
 
 16
 Musgrave next contends that the lower courts erred in denying his motion to dismiss the Foundation as a defendant and remand the case to Letcher Circuit Court. Since the parties do not dispute that the claims against the Foundation were barred, the only remaining issue is whether the bankruptcy court should have remanded the claims against the individual defendants to state court.
 
 
 17
 The reviewability bar set forth in 28 U.S.C. Sec. 1478(b) (1982) disposes of Musgrave's challenge to the bankruptcy court's decision not to remand this case to state court. Section 1478 provides that:
 
 
 18
 (a) A party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.
 
 
 19
 (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding is not reviewable by appeal or otherwise.
 
 
 20
 (Emphasis added). Section 1478(b) has been strictly applied by this circuit, see, e.g., Boone Coal and Timber Co. v. Polan, 787 F.2d 1056, 1059-61 (6th Cir.1986), and has been held applicable even to remand orders which are contrary to public policy. See Browning v. Bavarro, 743 F.2d 1069, 1079-80 (5th Cir.1984).
 
 
 21
 In the case at bar, Musgrave contends that the bankruptcy court lacked jurisdiction over the remaining defendants once the Foundation was dismissed as a defendant. We reject this contention. As the District of Columbia Circuit stated in the analogous removal context of 42 U.S.C. Sec. 1442 (1982):
 
 
 22
 [w]hen federal parties remove an action under Section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit ... If the federal party is eliminated from the suit after removal ... the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties.... Instead the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court.
 
 
 23
 District of Columbia v. Merit Systems Protection Board, 762 F.2d 129, 132-33 (D.C.Cir.1985). Since the bankruptcy court retained jurisdiction over the individual defendants in this case, section 1478(b) prohibits this court from reviewing the bankruptcy court's decision not to remand this case to state court.
 
 C.
 
 24
 Finally, Musgrave argues that the lower courts erred in holding that his claims against the individual defendants were barred. In addressing this argument, we note that the lower courts held that Musgrave's claims were barred on two alternative grounds: because those claims were barred by the automatic stay provisions which are currently codified at 11 U.S.C. Sec. 362 (1982 & Supp. IV 1986) and because those claims were resolved by orders and agreements in prior proceedings.
 
 
 25
 The automatic stay provisions of Chapter XI of the Bankruptcy Code provide, in relevant part, as follows:
 
 
 26
 [A] petition [for bankruptcy] filed under ... this title ... operates as a stay, applicable to all entities, of ... the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim that arose before the commencement of the case under this title ...
 
 
 27
 11 U.S.C. Sec. 362(a) (emphasis added).
 
 
 28
 The Sixth Circuit addressed the question whether section 362(a) applies to non-debtor co-defendants in Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir.1983). The court held that section 362(a) should be strictly construed as applying only to Chapter XI debtor defendants, stating that "[n]othing in the legislative history [of section 362] counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as the debtor's co-defendants, rather than the debtor or its creditors." Id. at 1197 (emphasis added). The same result was reached by the Fourth Circuit in Williford v. Armstrong World Industries, 715 F.2d 124, 126-27 (4th Cir.1983). While some courts have recognized an exception to this general rule where "unusual circumstances" are present, see e.g., A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986), the individual defendants in the case at bar have set forth no "unusual circumstances" which would justify applying the stay provisions to Musgrave's claims against them. Therefore, we conclude that the lower courts erred in holding that Musgrave's claims against the non-debtor defendants were void ab initio.
 
 
 29
 Although we conclude that Musgrave's claims against the individual defendants were not filed in violation of section 362, we affirm the bankruptcy court's finding that these claims were resolved by prior orders and agreements in the Foundation's bankruptcy proceedings. As we noted earlier, the bankruptcy court found that Musgrave actively participated and concurred in the settlement reached between his trustee in bankruptcy and the Foundation, and that this settlement was intended to resolve the claims presently asserted by Musgrave. The bankruptcy court's findings are subject to a "clearly erroneous" standard of review. Thus, unless we are left with the "definite and firm conviction that a mistake has been made," this court should not disturb the bankruptcy court's findings. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 30
 Upon reviewing the record in this case, we conclude that the bankruptcy court's findings are not clearly erroneous. In our view, the sweeping waiver language contained in the Foundation's final plan of arrangement amply supports the lower court's conclusion that Musgrave's claims were voluntarily relinquished. Since we are not "left with the definite and firm conviction that a mistake has been made" by the bankruptcy court, we affirm the court's conclusion that Musgrave's claims against the individual defendants were resolved by orders and agreements in the Foundation's bankruptcy proceedings.
 
 III.
 
 31
 For the reasons stated above, we hereby AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 In 1983, Bankruptcy Rule 11-44 was replaced by Bankruptcy Rule 4001. Under current law, the Chapter XI automatic stay provisions are codified at 11 U.S.C. Sec. 362 (1982 & Supp. IV 1986)