Margarita Sue ALVARADO, Plaintiff,

v.

**J.C. PENNEY CO., INC.,**
Defendant–Appellant,

and Crowntuft Manufacturing Corp.,
Inc., and Milco Industries, Inc.,
Defendants–Appellees.

No. 92–3244.

United States Court of Appeals,
Tenth Circuit.

June 30, 1993.

---

Kevin L. Bennett, (Robert J. Luder with him on the brief), Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, KS, for defendant-appellant.

Steve R. Fabert, Fisher, Patterson, Sayler & Smith, Topeka, KS, for defendant-appellee Crowntuft Mfg.

Bruce Keplinger (Julie A.N. Sample with him on the brief), Payne & Jones, Chtd., Overland Park, KS, for defendant-appellee Milco Industries, Inc.

Before EBEL, BARRETT and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Plaintiff Alvarado filed this action in December 1983, after the nightgown she had purchased at a J.C. Penney's department store caught fire. Plaintiff amended her complaint on October 2, 1985, adding Appellees Milco Industries, the alleged manufacturer of the nightgown worn by Plaintiff, and Crowntuft Manufacturing Corp., the alleged manufacturer of the robe worn by Plaintiff, as Defendants. Milco moved to dismiss, arguing that the Plaintiff's claims were barred by the two year statute of limitations. Crowntuft filed a motion to dismiss or for summary judgment in the alternative, also citing the statute of limitations.

Following the discovery of certain evidence which tended to disprove Plaintiff's allegation against Crowntuft, Plaintiff moved to dismiss her claims against Crowntuft without prejudice. The district court granted the motion, denying Crowntuft's prior motion to dismiss or for summary judgment as moot. The district court also granted Milco's motion to dismiss on June 10, 1987, for the stated reason that Plaintiff's claims against it were barred by the statute of limitations.

In October 1987, J.C. Penney sent a "vouching in" letter under the Kansas version of the Uniform Commercial Code to both Milco and Crowntuft. See Kan.Stat. Ann. § 84–2–607(5)(a) (1983). The effect of "vouching in" is that in any future indemnification action by J.C. Penney against the manufacturers, the issues common to the present litigation would be binding on the "vouched in" party. In response, Milco moved to intervene, attaching its Answer, and Crowntuft sought reconsideration of the court's prior denial of its motion to dismiss or for summary judgment. In the alternative, Crowntuft also requested leave to intervene. The district court allowed both Milco and Crowntuft to intervene pursuant to Fed. R.Civ.P. 24(a)(2).

Milco moved for summary judgment on the issue of product identification, arguing that the evidence refuted any possible identification of Milco as a manufacturer of one of the garments involved. The district court heard argument on the motions for summary judgment submitted by Crowntuft, Milco and J.C. Penney and granted summary judgment in favor of Crowntuft and Milco as against the remaining parties on June 12, 1991, 768 F.Supp. 769. The court denied J.C. Penney's motion for summary judgment. J.C. Penney and the Plaintiff reached a settlement and on November 27, 1991, the district court dismissed Plaintiff's action with prejudice.

In December 1991, J.C. Penney moved to amend the judgment stemming from the June 12th order, arguing that judgment for Milco and Crowntuft should only be against Plaintiff because J.C. Penney had never asserted a claim against either manufacturer. The district court denied Penney's motion, reasoning that as intervenors, Milco and Crowntuft could fully litigate the issues be-

fore the court, assuming the same status as the other parties to the suit.

J.C. Penney appeals only the grant of summary judgment in favor of the intervenors as against it and specifically abandons any argument related to the propriety of the intervention of Appellees. Aplt.Reply Brief at 2. With jurisdiction arising under 28 U.S.C. § 1291, we affirm.

### Discussion

Although there was no actual claim for relief pending against the manufacturers, Milco and Crowntuft had moved or renewed a motion for summary judgment after their intervention. J.C. Penney argues that the district court erred in granting summary judgment because it never filed a cross-claim for indemnity against either manufacturer. The district court reasoned that after the intervention by the manufacturers, both obtained a status commensurate with the original parties, entitling them to a resolution of the issues before the court. *See District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C.Cir.1985). The primary issue, the identity of the manufacturer of the nightgown and robe, was resolved within the summary judgment order before us.

■ We agree that "[w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C.Cir.1985); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). The intervenor renders himself "vulnerable to complete adjudication ... of the issues in litigation between the intervener [sic] and the adverse party." *United States v. Oregon*, 657 F.2d 1009, 1014 (9th Cir.1981) (quoting 3B *Moore's Federal Practice* ¶ 24.16[6] ).

■ Rule 24(c) requires that the motion to intervene be accompanied by "a pleading setting forth the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c). This sets up an "action within an action," and "where the intervenor claims an interest adverse to both plaintiff and defendant he or she is entitled to have the issues raised thereby tried and determined." 59 Am.

Jur.2d Parties § 169. Milco set forth its claim by requesting that "the court find that Milco was not the manufacturer of the nightgown in question and that Milco Industries, Inc., has no liability in this matter either to plaintiff or defendant J.C. Penney Company, Inc." Aplt.App. at 92–93 ("Answer of Intervenor Milco Industries, Inc."). Similarly, Crowntuft requested that the district court revisit its earlier motion for summary judgment, asserting that "summary judgment should be granted in favor of Crowntuft against defendant J.C. Penney." Aplt.App. at 101 ("Brief of Crowntuft Manufacturing, Inc. in Support of Motion for Reconsideration and/or for Leave to Intervene").

■ We conclude that there was adequate notice of the claims being asserted against J.C. Penney by the manufacturers. *Schneider*, 767 F.2d at 1017 ("full awareness of the nature" of the claims against appellant rendered party susceptible to judgment). J.C. Penney mistakenly asserts that if it did not assert a claim, none could exist upon which summary judgment could be granted. However, the manufacturers, once made a party to the litigation, are allowed by Rule 24(c) to make their claims known. *Brody v. Spang*, 957 F.2d 1108, 1116 (3rd Cir.1992) (intervenor may have standing to state a "legally cognizable claim"); *see also* 59 Am.Jur.2d Parties § 174 ("Having been permitted to become a party in order to better protect his or her interests, an intervenor is allowed to set up his or her own affirmative cause or defense appropriate to the case and the intervention."). Here, the manufacturers did just that, requesting a declaratory judgment of sorts to resolve the ultimate issue of the identity of the manufacturer of the nightgown and robe as a basis for liability. The court had been sufficiently apprised of the nature of the intervenor's claims and interests to rule. *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474–75 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992).

AFFIRMED.