BLACK, Circuit Judge, specially concurring:

I concur in the conclusion, stated in section IV.A of the majority opinion, that there was no valid consent decree upon which the district court could have entered its judgment. I therefore concur in the result as well. Since the district court's judgment must be vacated because it was premised on an invalid consent decree, our analysis should end at this point.

The three-judge court granted Bradford and Montiel's motions to intervene in this suit as party plaintiffs, and the parties have not appealed these rulings. Once a party intervenes, he becomes a full participant and is entitled to have his claims litigated. Alvarado v. J.C. Penney Co., 997 F.2d 803, 805 (10th Cir. 1993); 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1920 (1986). The original parties to a suit may not, through a purported consent decree settling the claims between them, stipulate away the rights of an intervening party without his approval. Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 529, 106 S. Ct. 3063, 3079 (1986) (citing Wheeler v. American Home Products Corp., 563 F.2d 1233, 1237-38 (5th Cir. 1977)); 3B James W. Moore, Moore's Federal Practice ¶ 24.16[6] (2d ed. 1995). It follows that a consent decree that compromises a non-consenting party's claims is invalid to the extent that it does so. See Local Number 93, 478 U.S. at 529, 106 S. Ct. at 3079; United States v. City of Miami, Fla., 664 F.2d 435, 442 (5th Cir. 1981) (en banc) (Rubin, J.); League of United Latin American Citizens v. Clements, 999 F.2d 831, 846 (5th Cir. 1993) (en banc), cert. denied, ___ U.S. ___, 114 S.

Ct. 878 (1994).

In the case before us, the settlement reached by the White class and the State of Alabama resolved the claims of Bradford and Montiel contrary to their interests and without their consent. Bradford and Montiel, however, were entitled as party plaintiffs to fully litigate their claims. They did not receive this opportunity. The district court believed, erroneously, it had before it a valid consent decree; and the court entered its final judgment based on the purported consent decree. Since the consent decree was invalid[1], the court could not enter a final consent judgment and we need not consider the substance of the invalid judgment.

---

[1] The decree would also be invalid if, as maintained by the appellants, the state's attorney general did not have authority to negotiate the decree and bind the Alabama legislature, governor and populace to a plan that would alter state constitutional and statutory provisions.