Hearing:                                      Paper No. 15
February 4, 1997                                       PTH

THIS DISPOSITION IS NOT
CITABLE AS PRECEDENT OF THE TTAB      2/10/98

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re J. Kinderman & Sons, Inc. dba
Brite Star Manufacturing Co.
_____

Serial Nos. 74/602,615 and 74/602,616
_____

Timothy D. Pecsenye and Eric Vance of Blank, Rome, Comisky &
McCauley for J. Kinderman & Sons, Inc. dba Brite Star
Manufacturing Co.

Vivian First, Trademark Examining Attorney, Law Office 104
(Sidney Moskowitz, Managing Attorney).
_____

Before Cissel, Quinn and Hairston, Administrative Trademark
Judges.

Opinion by Hairston, Administrative Trademark Judge:

On June 1, 1995 J. Kinderman & Sons, Inc. dba Brite

Star Manufacturing Co. filed applications to register the

designs shown below on the Principal Register for "Christmas

decorations, namely electric lights for trees."

Serial No. 74/602,615

Serial No. 74/602,616

Each drawing is lined for the colors red, green and gold. Applicant describes the designs as follows: "The mark consists of the configuration of a container for the goods which is the color red. The mark further consists of a gold band which transverses the container; a green colored box in the upper front left corner of the container; and eight point star designs displayed upon the container." (Serial No. 74/602,615); and "The mark consists of the

2

configuration of a container for the goods which is the color green. The mark further consists of a gold band which transverses the container; a red colored box in the upper left front corner of the container; and eight point star designs displayed upon the container." (Serial No. 74/602,616) In each application, applicant alleges dates of first use and first use in commerce of November 1990.

In each case, the Trademark Examining Attorney finally refused registration on the ground that the design sought to be registered is ornamental, and thus does not function as a mark to identify the source of applicant's goods. (Sections 1, 2 and 45 of the Trademark Act)

Applicant appealed from the refusals in both applications, asserting in essence that the designs are inherently distinctive and do in fact indicate source or origin of the identified goods.

Both applicant and the Examining Attorney briefed the cases[1] and were present at the oral hearing before the Board. Because the issues involved and records in each case

---

[1] Accompanying applicant's brief is a copy of its product catalog. Applicant submitted the catalog to show that it has promoted the "recurring" eight point star design in connection with its products. The Examining Attorney, in her brief, has properly objected to the catalog as being untimely submitted pursuant to Trademark Rule 2.142(d). Thus, we have given no consideration to the catalog. Even if we had considered the catalog, it would make no difference in the result of this appeal since the designs sought to be registered here cover more than recurring eight point stars. Moreover, as noted infra, applicant has not claimed that the designs have acquired distinctiveness.

are essentially identical, we are rendering our decision as to both applications in a single opinion.

We note at the outset that the sole issue for determination in this appeal is whether the designs sought to be registered are inherently distinctive. Applicant has not claimed that the designs have acquired distinctiveness.

As the Examining Attorney has noted, the proper test for determining whether a design is inherently distinctive involves consideration of such factors as whether the design is (i) a common basic shape or design; (ii) unique or unusual in a particular field, and (iii) a mere refinement of a commonly-adopted and well-known form of ornamentation for a particular class of goods viewed by the public as dress or ornamentation for the goods. See Wiley v. American Greetings Corp., 762 F.2d 129, 226 USPQ 101, 103 (1st Cir. 1985), citing Seabrook Foods, Inc. v. Bar-Well Foods, Ltd., 568 F.2d 1342, 196 USPQ 289, 291 (CCPA 1977). Moreover, an inherently distinctive mark is one which is "by its very nature distinctive or unique enough to create a commercial impression as an indication of origin. . ." In re Raytheon Co., 202 USPQ 317 (TTAB 1979). While the design may in fact be unique, i.e., it is the only such design being used, it also must possess an "original, distinctive and peculiar appearance." In re McIlhenny Co., 278 F.2d 953, 126 USPQ

4

138, 140 (CCPA 1960) quoting with approval from Ex parte Haig & Haig, Ltd., 18 USPQ 229 230 (Asst. Comm. 1958).

It is applicant's contention that while the individual elements of each design sought to be registered may not be distinctive, e.g., the gold band or a single eight point star, applicant has combined the elements in such a manner that each design "creates a unique commercial impression which is inherently distinctive." Applicant has submitted a number of third-party registrations for designs which cover a variety of goods. According to applicant, these registrations "illustrate that marks such as Applicant's are registrable on the Principal Register without a showing of acquired distinctiveness." (Brief, p. 4)

The Examining Attorney, however, contends that there is nothing unique or unusual about the designs sought to be registered; that the designs simply resemble wrapped Christmas presents; and that packaging which resembles wrapped Christmas presents is common in the field of Christmas merchandise. The Examining Attorney has supported the refusal to register by making of record excerpts of stories from the NEXIS data base which evidence an association between the Christmas holiday and stars and the colors red, green and gold. Also, the Examining Attorney made of record copies of advertisements for merchandise from several Christmas catalogs. Such evidence includes, in

5

particular: (i) an advertisement for holiday gift labels packaged in a red box with green Christmas tree designs; (ii) an advertisement for fruit and candy packaged in a green and white decorative box tied with a red ribbon; (iii) an advertisement for fruit arranged in the shape of a red Christmas tree on a green background; (iv) an advertisement for chocolate candy packaged in a gold star-shaped box; and (v) an advertisement for Christmas tree ornaments packaged in a straw basket and tied with a red ribbon.

We are persuaded on this record that, while the designs applicant seeks to register may be unique in the sense that we have no evidence that anyone else is using designs which are identical to them, they are nonetheless not inherently distinctive. It is common knowledge that stars and the colors red, green and gold are associated with the Christmas holiday. The evidence submitted by the Examining Attorney shows that stars and the colors red, green and gold appear either separately, or in various combinations, on packaging for Christmas merchandise. Also, the evidence shows that it is not uncommon for Christmas merchandise to be packaged in a manner which resembles wrapped Christmas presents. Thus, applicant's designs, which consist of stars and the colors red, green and gold, and indeed resemble wrapped Christmas presents, are a mere refinement of a form of ornamentation

for Christmas merchandise. As such, purchasers and prospective customers for applicant's goods would be unlikely to regard these designs as identifying and distinguishing applicant's Christmas tree lights and indicating their source.

As to the third-party registrations, we are not privy to the files of these registrations so we have no way of knowing which, if any, were allowed on the basis that the design sought to be registered was inherently distinctive. In any event, each case must be decided on its own set of facts and the existence of registrations for other designs does not entitle applicant to registration of the designs sought to be registered here. See In re Inter State Oil Co., Inc., 219 USPQ 1229 (TTAB 1983).

Decision: The refusal to register is affirmed in each application.

R. F. Cissel

T. J. Quinn

P. T. Hairston
Administrative Trademark
Judges, Trademark Trial and
Appeal Board

Ser No. 74/602,615 and 74/602,616