**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHNNY L. MILLIGAN,
                Appellant,

      v.

GOVERNMENT OF THE DISTRICT
  OF COLUMBIA,
                Agency.

DOCKET NUMBER
DC-0351-13-1299-I-1

DATE: August 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Johnny L. Milligan</u>, Fairfax, Virginia, pro se.

<u>Frank J. McDougald</u>, Esquire, washington dc, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant was employed by the District of Columbia government as a support services specialist in its Office of Planning.  He was separated by a reduction in force effective September 11, 2009.  Initial Appeal File (IAF), Tab 3, Subtab 1.  The appellant appealed his separation to the District of Columbia Office of Employee Appeals (OEA) on September 4, 2009.  OEA issued an October 11, 2011 initial decision upholding the appellant's separation, and the appellant's petition for review of that decision was denied by the Superior Court of the District of Columbia on June 26, 2013.  IAF, Tab 3, Subtabs 3 & 3a.

¶3        The appellant filed a Board appeal on July 29, 2013.  IAF, Tab 1.  He alleged, inter alia, that his veterans' preference rights had been violated.  *Id*. at 6. The agency moved to dismiss the appeal for lack of jurisdiction, arguing both that the appellant was not an "employee" with Board appeal rights and that he did not first file a complaint with the Department of Labor (DOL) regarding his Veterans Employment Opportunities Act of 1998 (VEOA) claim as is required in order to establish Board jurisdiction.  IAF, Tab 5 at 8-9.

¶4        In response to an order to show cause, the appellant argued that the Board has jurisdiction based upon alleged prohibited personnel practices, including

whistleblower retaliation. IAF, Tab 3 at 3-4. He also stated that the Board should exercise jurisdiction over his VEOA claim. He admitted that he did not file a complaint with DOL concerning his VEOA claim but stated that his failure to file was due to lack of notice regarding the filing requirements. *Id*. at 6.

¶5      The administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction because the appellant was not an employee in the federal civil service and because he did not first file his VEOA claim with DOL. IAF, Tab 8, Initial Decision. On review, the appellant argues that the reduction in force notice he received was inadequate and that the agency committed prohibited personnel practices. Petition for Review (PFR) File, Tab 3 at 6-8. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5. The appellant has filed a reply in which he argues, inter alia, that the agency failed to notify him of his appeal rights as a whistleblower. PFR File, Tab 6 at 5.

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). For the purposes of Title 5 and for the Board's jurisdiction, unless specifically modified, an "employee" means an individual appointed in the civil service. 5 U.S.C. § 2105(a)(1). Additionally, OEA was established beginning in December 1980 to adjudicate District of Columbia employee appeals locally, as opposed to on a federal level. *See District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129, 130-31 (D.C. Cir. 1985). The appellant pursued his appeal rights as a District of Columbia employee through OEA and the Superior Court of the District of Columbia. IAF, Tab 3 at 17-29. Although the appellant claims jurisdiction because he was a District of Columbia employee, he does not contend that he was employed in the federal civil service. *See id*. at 3. Employees of the Government of the District of Columbia do not come within the statutory definitions set forth in 5 U.S.C. § 2101 ("civil service"), 5 U.S.C. § 2105 ("employee"), and 5 U.S.C.

§ 2103 ("excepted service"); nor do they have appeal rights to the Board. *Cyrus v. Government of the District of Columbia*, 25 M.S.P.R. 396, 397 n.* (1984). The Board therefore does not have jurisdiction over this case.[2] *See* 5 U.S.C. §§ 1221(a), 2105(a)(1), 7511(a)(1).

¶7 Thus, we conclude that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] To the extent that the appellant is attempting to bring an individual right of action (IRA) appeal alleging whistleblower reprisal, the right to file an IRA appeal is limited to employees, former employees, or applicants for employment, and the appellant does not qualify for the reasons explained above. *See* 5 U.S.C. § 1221(a). Moreover, the appellant argues that the Office of Special Counsel (OSC) has jurisdiction over this case but does not dispute that he failed to exhaust his administrative remedies before OSC as is required for Board jurisdiction over an IRA appeal. IAF, Tab 3 at 3; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Similarly, to the extent that the appellant is attempting to bring a VEOA claim, and without reaching the issue of whether the appellant is a preference eligible, the Board lacks jurisdiction over such a claim because the appellant admits that he has not exhausted his remedy with DOL as is mandatory prior to exercise of Board jurisdiction. IAF, Tab 7 at 6; *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 9 (2003). We also note that the appellant's claims of prohibited personnel practices would not provide a basis for Board jurisdiction, even if the appellant met the statutory definition of "employee." *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd* 681 F.2d 867, 871-73 (D.C. Cir. 1982).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.