**ALLIED STEEL & TRACTOR PROD-UCTS, INC., et al., Plaintiffs,**

v.

**FIRST NATIONAL CITY BANK OF NEW YORK et al., Defendants.**

**No. C71–166.**

United States District Court,
N. D. Ohio, E. D.
Sept. 15, 1971.

Louis Paisley, Jason C. Blackford, Cleveland, Ohio, Judith Meshorer, Byron S. Krantz, Cleveland, Ohio, Michael T. Honohan, Cleveland, Ohio, for plaintiffs.

H. Stephen Madsen, Cleveland, Ohio, Richard J. Cusick, Jr., Cleveland, Ohio, for defendants.

## MEMORANDUM

**BEN C. GREEN, District Judge:**

This matter is before the Court on a motion by defendant First National City Bank to dismiss the complaint as to the said defendant, and on a motion of defendant Action-Age, Inc. to dismiss the claim as against it, or, in the alternative, for an order striking the prayer for punitive damages from the complaint.

Plaintiffs base their causes of action upon alleged violations of Sections 10(b), 15, and 17(a) of the Securities Act of 1933 (15 U.S.C. § 77a et seq.), Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78a et seq.), Rule 10B–5 of the Securities Exchange Commission's Rules promulgated pursuant to the 1934 Act (17 CFR § 24 Q.10b–5), Section 1707.44(D) and (F) of the Ohio Revised Code, and the common law tort of fraud and deceit.

The plaintiffs are presently stockholders of the defendant Trans-Industries, Inc., having received said stock as the result of a corporate reorganization between Trans-Industries (T.I.) and Action-Age, Inc., a former Ohio corporation which went out of existence as a result of the said reorganization.

The defendants are: Trans-Industries, Inc., a Delaware corporation, and survivor of the reorganization in question; First National City Bank of New York, a national bank chartered in New York, a stockholder and creditor of T.I.; Action-Age, Inc., a Delaware corporation; and five individuals alleged to have entered into negotiations which led to the consummation of the reorganization between T.I. and Action Age of Ohio.

The complaint is drawn in six counts. The first four counts allege violations of the federal securities laws and Rule 10b–5. Count Five alleges a violation of the Ohio Securities statute, and the sixth count alleges the commission of the common law tort of fraud and deceit.

The complaint alleges that prior to November 25, 1969, plaintiffs Allied Steel & Tractor Products, Inc., Richard Sklar, and Marc Meshorer were the sole stockholders of Action-Age, Inc., an Ohio corporation engaged in the production and distribution of All-Terrain Vehicles. It is alleged that in September of that year the officials of Action Age of Ohio were contacted via use of the mails and other instrumentalities of in-

ter-state commerce by officials of Trans-Industries regarding the possible purchase of Action-Age by Trans-Industries. It is further alleged that during the subsequent negotiations defendants James D. Bond, William C. McIntosh, and Dale S. Coenen submitted through the mails information describing recent corporate acquisitions which Trans-Industries had made and the favorable business outlook for that company.

Thereafter, and in alleged reliance on the information thus disclosed, the shareholders of Action Age of Ohio agreed to sell to Trans-Industries all of Action-Age's assets in return for preferred shares of Trans-Industries stock. An Agreement and Plan for Reorganization was alleged to have been entered into in Cleveland, Ohio, on November 25, 1969. This agreement, it is alleged, was entered into on behalf of Trans-Industries by defendants Coenen, Ashton, McIntosh, Miller, and Bond, the alleged directors of Trans-Industries.

The following May, one of Trans-Industries recently acquired companies, Mission Pak Co., was adjudicated bankrupt. The complaint alleges that by reason of said bankruptcy Trans-Industries would have to honor certain guarantees it had made on Mission Pak's behalf. It is further alleged that Mission Pak had sustained great losses during the time that the reorganization negotiations had taken place, and that the defendant-directors of Trans-Industries had not made these facts known to the plaintiffs.

Counts One and Two of the complaint allege that this failure to disclose the shaky financial condition of Mission Pak, as well as Trans-Industries' obligation for some of Mission Pak's debts constituted a material omission in violation of the federal securities laws.

For their Third Count, plaintiffs allege that Trans-Industries was in default of the terms of certain loans it had with defendant National City Bank of New York (Citibank) at the time the reorganization agreement was entered into. It is alleged that this information was not disclosed during the reorganization negotiations, and that such omission constituted a violation of the federal securities laws.

Count Four alleges that Trans-Industries had formed a wholly-owned subsidiary, Trans-Graphics, and transferred to it certain investments in the capital stock of two other companies which Trans-Industries had recently purchased, Gill Davis Printing Corporation and Peck Bindery, Inc. It is alleged that in order to secure a bank loan, the stock of Trans-Graphics was pledged by Trans-Industries to Citibank. Further, it is alleged that this pledge of Trans-Graphics stock was subordinated to the rights of the former stockholders of Gill Davis and Peck Bindery in such a way that if Trans-Industries defaulted on its purchase with Gill Davis and Peck Bindery, the Trans-Graphics stock would go to the former shareholders of these two corporations.

It is further alleged that Trans-Industries was in default of its agreement with the former owners of Gill Davis Printing and Peck Bindery and was, therefore, forced to return the stock of Trans-Graphics to these former stockholders. Plaintiffs allege that all this information was not disclosed to them, and, if they had been aware of such facts, they would not have entered into the sale of the assets of Action Age of Ohio to defendants.

Plaintiffs' Fifth Count alleges that Trans-Industries was insolvent at the time of the execution of the agreement between itself and Action Age of Ohio, and, therefore, the offer to sell and the sale of Trans-Industries stock violated Section 1707.44(D) and (F) of the Ohio Revised Code.

The Sixth Count of the complaint alleges that the defendants made untrue statements and representations to the plaintiffs relative to the financial solvency of Trans-Industries. This Count is based on warranties and fraud.

Plaintiffs' complaint prays for a determination that the defendants have violated the federal securities laws, as set forth in the first four counts, and seeks compensatory damages for such alleged violations. Plaintiffs also pray for punitive damages based upon the allegations of the Fifth and Sixth Counts of the complaint.

Defendant Citibank has moved to dismiss, contending that this court lacks proper venue over that defendant. This assertion is based upon Section 94 of Title 12, U.S.C., the federal venue statute applicable to national banks. Section 94, in pertinent part, provides:

> Actions and proceedings against any association under this chapter may be had in any district . . . court of the United States held within the district in which such association may be established . . .

It is Citibank's contention that a national bank is "established" in the district specified in its charter as its principal place of business. Consequently, Citibank maintains that it may be sued only in the Southern District of New York, the district in which it maintains its principal place of business.

Plaintiffs, on the other hand, rely on the broad venue provisions of the federal securities laws in order to assert venue in the Northern District of Ohio. The Securities Act of 1933 provides, in pertinent part:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took

place, if the defendant participated therein . . . . 15 U.S.C. § 77v.

Similarly, the Securities Exchange Act of 1934 contains an equally broad federal venue provision:

> The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder. . . . Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules or regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business . . . . 15 U.S.C. § 78aa.

The issue raised by Citibank's motion to dismiss, therefore, is whether the above-quoted broad venue provisions of the federal securities acts impliedly repeal the very narrow venue provision of the National Bank Act.

The Court is cognizant of the strict guidelines to be followed in considering the question of repeal by implication. *See, e. g.,* Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963); United States v. Borden & Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939); Posadas v. National City Bank, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351 (1936). Applying these standards to the instant case, this Court holds that Congress did not modify the National Bank Act when it enacted the venue provisions of the securities acts. Bruns, Nordeman & Co. v. American National Bank and Trust Co., 394 F.2d 300 (2d Cir. 1968) (Friendly, C. J.); Rome v. Eltra Corp., 297 F. Supp. 314 (E.D.Pa.1969); General Electric Credit Corp. v. James Talcott, Inc., 271 F.Supp. 699 (S.D.N.Y.1966); *See* Cope v. Anderson, 331 U.S. 461, 467, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947). Accordingly, the National Bank Act's venue provision, if applicable, will control the disposition of the instant motion.

In its memorandum of law in opposition to Citibank's motion to dismiss, however, plaintiffs argue, "Assuming that it is found that Section 94 should be applied to evaluate the venue in the instant case, it is submitted that the conduct of Citibank constitutes a waiver of this privilege." The Court has considered plaintiffs' waiver argument and must conclude that it lacks merit. While Section 94's venue privilege may be waived by a National Bank (Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); First National Bank of Charlotte v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889)), the facts alleged with regard to Citibank's conduct in the instant case do not constitute such a waiver.

In summary, the Court holds that it does not have venue over defendant First National City Bank of New York. That conclusion, however, does not require dismissal of the complaint as to the said defendant. In the exercise of its discretion (28 U.S.C. § 1406(a)) the Court will order that the action be severed as against defendant First National City Bank of New York and that the action against said defendant be transferred to the Southern District of New York. *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

■ Defendant Action-Age, Inc. has also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It is this defendant's contention that plaintiffs have failed to make any specific allegations against defendant Action Age of Delaware.

It should be noted that the complaint speaks of two corporations named Action-Age, Inc. Action Age of Ohio is the company whose assets were transferred to Trans-Industries. Action Age of Delaware is named as a defendant and is identified in the complaint as:

Defendant, Action Age, Inc. ("Action-Age-Delaware") is a Delaware corporation having its principal place of business in Warrensville Heights, Ohio.

The above-quoted sentence is the only reference made to this defendant in the complaint. Accordingly, defendant argues that plaintiffs have failed to set forth the "short and plain statement of the claim showing that the pleader is entitled to relief" which is required by Rule 8(a), Fed.R.Civ.Pro.

While the Court is mindful of the liberalized pleading requirements under the Federal Rules of Civil Procedure, merely identifying a party as a defendant without alleging more does not meet the minimum standard of notice pleading required by Rule 8(a). Consequently, Action-Age, Inc., a Delaware corporation's motion to dismiss will be granted.

If, following discovery, it appears that Action Age of Delaware may share in any alleged liability with the other defendants, leave may be obtained for the filing of an amended complaint in which specific allegations can be made against this defendant.

Finally, Action-Age has moved to strike the demand for punitive damages, contending that the same are not allowable for violations of the federal securities laws. While both this defendant and plaintiffs have briefed the question of the propriety of allowing punitive damages under the 1933 and 1934 federal securities statutes, this Court does not need to reach this question.

■ Punitive damages are prayed for pursuant to plaintiffs' Fifth and Sixth Counts only. As stated above, these counts allege violations of the Ohio securities law and the common law tort of fraud and deceit. There is no question that such damages would be permitted either under the common law or pursuant to the Ohio Revised Code. *See* O. R.C. §§ 1707.40, 1707.41. For the foregoing reasons, defendant's motion to strike shall be denied.