**Theodore WATKINS and Vivian Watkins, Appellants,**

v.

**William B. GROVER et al., Appellees.**

**No. 73–2127.**

United States Court of Appeals, Ninth Circuit.

Dec. 26, 1974.

Theodore Watkins (argued), in pro. per.

Philip M. Arnot (argued), Eureka, Cal., for appellees.

Before CHOY and SNEED, Circuit Judges, and BEEKS,* District Judge.

## OPINION

SNEED, Circuit Judge:

 This is an appeal from a dismissal with prejudice of a suit brought by appellant alleging forcible entry. Since two of the four defendants in the original action were federal court officers, the entire case[1] was removed (pursuant to 28 U.S.C. § 1442(a)(3) ), from the California Superior Court in which it was filed, and dismissed as to the federal defendants by the district court on the ground that they were immune from liability. Thereafter, based upon an assumption that it had no jurisdiction to hear the state claims against the remaining defendants unless independent grounds for federal jurisdiction could be shown, the district court dismissed the case with prejudice. The court's assumption, however, was incorrect. The modern rule (and the law of this circuit) is that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings. Murphy v. Kodz, 351 F.2d 163, 167 (9th Cir. 1965). *See also* Brough v. United Steelworkers of America, AFL–CIO, 437 F.2d 748, 750 (1st Cir. 1971); Rotermund v. United States Steel Corp., 346 F.Supp. 69, 76 (E.D.Mo.1972), aff'd, 474 F.2d 1139 (8th Cir. 1973); Gamage v. Peal, 217 F.Supp. 384, 390–391 (N.D.Cal.1962).

 Appellees emphasize that the appeal was taken from the order of dismissal and not from the denial of appellant's motion to remand, the implication being that this court cannot thereby order the district court to remand the case to the state court. Even if this contention were correct, and notwithstanding

Rule 46 of the Federal Rules of Civil Procedure requiring a party to make known to the court *his grounds* for objection,[2] an appellate court may still note a "fundamental error" not raised below. *See* Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941). Such an error exists here.

The dismissal of the suit by the district court is thereby reversed and remanded. On remand, the district court should decide whether to hear the suit on its merits or, in its discretion, to remand the suit to the state court from which it was removed.

Reversed and remanded.

---

* Honorable William T. Beeks, United States District Judge, Western District of Washington, sitting by designation.

1. Although the record does not indicate on what grounds the joined claims against the non-federal defendants were removed, it is reasonable to assume that the entire suit was removed pursuant to 28 U.S.C. § 1441(c).

2. Appellant's sole argument in opposition to the motion to dismiss was that the court had diversity jurisdiction.