Dave Haas EWELL, Jr., et al.

v.

**PETRO PROCESSORS OF LOUISIANA, INC., et al.**

Civ. A. No. 86–693–B.

United States District Court, M.D. Louisiana.

March 3, 1987.

Bryant W. Conway, Baker, La., for plaintiffs.

Richard B. Launey, Asst. U.S. Atty., Baton Rouge, La., for Environmental Quality, E.P.A., Health and Human Resources.

Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, William D'Armond, Sandra L. Edwards, Baton Rouge, La., for U.S. Steel Corp., Copolymer Rubber & Chemical Corp., Uniroyal Corp.

John Swanner, Seale, Smith and Phelps, Baton Rouge, La., for Dow Chemical.

Harry S. Hardin, III, Jones, Walker, Waechter, Poitement Carrere & Denegre, New Orleans, La., for Browning-Ferris, Inc.

John R. Tharp, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Ethyl Corp., Shell Chemical Corp., Allied Chemical Corp., Rubicon Chemicals, Inc.

Roger M. Fritchle, H. Evans Scobee, Baton Rouge, La., for Exxon Corp., Allied Chemical Corp., N.P.C. Services, Inc.

Stephen W. Glusman, Baton Rouge, La., for American Hoechst Co.

POLOZOLA, District Judge.

Plaintiff originally filed this suit on July 1, 1976 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, asserting claims against numerous defendants for damages allegedly resulting from the dumping of materials on the property of Petro Processors of Louisiana, Inc. In plaintiff's Twelfth Amending and Supplemental Petition the United States Environmental Protection Agency (EPA) was named as a defendant. EPA timely removed the action to this court on October 3, 1986 pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1442(a)(1).

The EPA has now filed motions to dismiss under Fed.R.Civ.P. 12(b)(1) asserting that this court lacks subject matter jurisdiction and under 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, EPA has urged that plaintiff's request for a jury trial be stricken.

For reasons which follow the court finds that the court does have subject matter jurisdiction, but that plaintiff has failed to state a claim against EPA upon which relief can be granted. Therefore, EPA's motion to dismiss shall be granted.

**Subject Matter Jurisdiction**

EPA in its original and supplemental memorandum argues that this court lacks subject matter jurisdiction over this suit. It asserts that the United States cannot be sued without its consent. *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983).[1] Therefore, the Louisiana state courts would have had jurisdiction to hear the suit against the EPA only if the United States explicitly waived its sovereign immunity and subjected itself to suit in state court. EPA argues that the removal jurisdiction of this court is derivative and because the state court in which this action was originally brought did not have subject matter jurisdiction in the suit filed against the EPA, neither can this court acquire jurisdiction against the EPA. *Spencer v. New Orleans Levee Board,* 737 F.2d 435, 437–438 (5th Cir. 1984).

EPA removed this action to this court under 28 U.S.C. § 1441(a) and § 1442(a)(1). Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

It should be noted that 28 U.S.C. § 1441 was amended by Pub.L. 99–336, section 3(a) by adding a new subsection which provides:

---

**1.** "And it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought." *Minnesota v. United States,* 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939).

(e) The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

Section 3(b) of Pub.L. 99–336 further provides:

(b) Effective Date—The amendment made by this section shall apply with respect to claims in civil actions commenced in State courts on or after the date of the enactment of this section.

The law was approved on June 19, 1986.

■ EPA argues that the 1986 amendment to § 1441 does not apply to the present action because the original suit was commenced in state court on July 1, 1976. This contention is without merit. Section 3(b) of Pub.L. 99–3356 clearly states that subsection (e) shall apply to all "claims" commenced after the effective date. Therefore, the determinative date for purposes of applicability of 28 U.S.C. § 1441(e) is the date the "claim" against EPA was commenced, not the date the suit was initially filed in state court. The "claim" against EPA did not "commence" until the Twelfth Amended and Supplemental Petition was filed on September 9, 1986, more than two months after the effective date of the amendment to § 1441. Therefore, the court finds the 1986 amendment to § 1441 does apply to the claim asserted against the EPA.

■ The court also finds that it has subject matter jurisdiction over the case pursuant to EPA's removal under 28 U.S.C. § 1442(a)(1). This section authorizes removal of proceedings commenced in a state court against a federal agency.

EPA contends that although 28 U.S.C. § 1441 has been amended to abolish the doctrine of derivative jurisdiction, there has been no such amendment to § 1442. Therefore, the doctrine of derivative jurisdiction would apply to cases removed under § 1442. The court disagrees. "Section 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court would otherwise not have jurisdiction." *IMFC Profes-sional Services of Florida v. Latin American Home Health,* 676 F.2d 152, 156 (5th Cir.1982).

EPA asserts that *IMFC* does not hold that a federal district court has jurisdiction over a case in which the state court did not have jurisdiction. The court finds to the contrary. Clearly the state court in *IMFC* did not have subject matter jurisdiction over the Department of Health and Human Resources because there had been a failure to exhaust administrative remedies. Yet the court held that the federal district court did have jurisdiction under § 1442. Id. The Fifth Circuit acknowledged the lack of state court jurisdiction by noting that its decision was not inconsistent with *Armstrong v. Alabama Power Co.,* 667 F.2d 1385 (11th Cir.1982), because *Armstrong* did not hold "that a subject matter jurisdiction defect in the state court is ground for remand of a case removed under § 1442." Id. at 156 n. 4.

■ Thus, the court finds that the doctrine of derivative jurisdiction does apply under the facts of this case under § 1441 or § 1442. The court further finds that the court has subject matter jurisdiction over this action and that removal was proper under 28 U.S.C. § 1442(a)(1). Therefore, EPA's motion to dismiss for lack of subject matter jurisdiction is denied.

## EPA's Motion to Dismiss for Failure to State a Claim

Because the court finds that it does have subject matter jurisdiction, it now addresses EPA's motion to dismiss for failure to state a claim upon which relief can be granted.

EPA argues that plaintiff's complaint fails to state a claim under 12(b)(6) and fails to comply with the provisions of Rule 8(a) of the Federal Rules of Civil Procedure. EPA asserts that the complaint cites no statutory basis at all for jurisdiction with respect to EPA and also fails to set forth a statute that waives sovereign immunity in this matter as required in a suit

against the United States.[2] EPA also asserts that the complaint does not contain a "short and plain statement of the claim" showing that the pleader is entitled to relief and fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); Rule 8(a) Fed.R.Civ.P. Specifically, EPA argues that plaintiff has totally failed to delinate any circumstances, occurrences or events that would support a claim against EPA. Finally, EPA asserts that plaintiff's complaint does not pray for any relief against EPA as required by Rule 8.

In response, plaintiff argues that pleading requirements in this action are governed by Louisiana law where the petition was originally filed. The Louisiana Code of Civil Procedure sets forth a system of fact pleading.[3] Plaintiff argues that the pleadings sufficiently allege a claim against EPA under Louisiana law.

▇ EPA correctly points out that Rule 81(c) of the Fed.R.Civ.P. states that federal rules apply to civil actions removed to United States District Courts and govern procedure after removal. Because the court finds that the plaintiff has failed to state a claim against EPA under both Louisiana law and the Federal Rules of Civil Procedure, it is not necessary for this court to decide whether the Louisiana or Federal Rules must be complied with.

In plaintiff's complaint, EPA is referred to in only two contexts: once when it is named as a defendant; and, secondly where the complaint seeks an order requiring the private defendants to clean up plaintiff's property "under the supervision of the governmental bodies."

In order to establish a cause of action under Louisiana law, the plaintiff must set forth in his petition specific facts in support of his claim. *Lott v. Haley,* 370 So.2d 521, 524 (La.1979). Merely setting forth a conclusion is not enough to state a cause of

action. Id. at 525, *Goad v. May,* 376 So.2d 340, 342 (La.App. 3rd Cir.1979). Plaintiff's petition contains no allegations of fact. Therefore, the court concludes that the petition fails to state a cause of action against EPA under Louisiana law.

Additionally, the court finds that the petition fails to state a claim against EPA upon whch relief may be granted under the notice pleading provisions of the Federal Rules of Civil Procedure. The complaint contains no reference to a statute containing an express or implied waiver of the government's immunity from suit. The complaint does not contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In fact, the complaint contains no more than a bare averment that plaintiff wants the government to supervise, along with plaintiff, the cleanup of plaintiff's property. The court knows no authority and none has been cited which imposes an obligation on the part of the United States to supervise the cleanup of a private tract of land in a suit filed by the private landowner against other parties. "[M]erely identifying a party as a defendant without alleging more does not meet the minimum standard of notice pleading required by Rule 8(a)." *Allied Steel & Tractor Products v. First National City Bank of New York,* 54 F.R.D. 256, 260 (N.D. Ohio 1971).

Because the complaint fails to state a claim against EPA upon which relief may be granted, the motion of EPA to dismiss is granted.

### Remand After Dismissal of Claim Against EPA

▇ Section 1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency. Thus § 1442(a)(1) creates a species of ancillary jurisdiction over the nonfederal elements of the case. *IMFC,* supra at 158. The elimination of EPA from this case does not

---

**2.** 5 Wright & Miller, Federal Practice and Procedure, § 1212 (1969).

**3.** "So long as the *facts* constituting the claim or defense are alleged or proved, the party may be

granted any relief to which he is entitled under the fact-pleadings and evidence[.]" *Cox v. W.M. Heroman & Co., Inc.,* 298 So.2d 848, 855 (La. 1974). (Emphasis theirs.)

destroy this court's jurisdiction. Id. at 159; *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir.1975).

■ However, this court has the discretion to decline jurisdiction over the ancillary claims once the federal agency has been dismissed from the case, provided that the discretion is based on clearly articulated authority. *IMFC* 676 F.2d at 160. As the Fifth Circuit stated in *IMFC* at 160:

> [W]e find independent authority for a discretion to remand from the nature of the ancillary jurisdiction created by § 1442(a)(1). As we have discussed, the district court's power to consider the nonfederal aspects of this case results from the ancillary jurisdiction created by the authority in § 1442(a)(1) to remove the entire action. In other instances of ancillary jurisdiction, where the principal controversy is eliminated early in the proceedings, although power exists to entertain the ancillary claim, exercise of this power is discretionary.

As in *IMFC*, the federal agency which caused the removal of this action to federal court is being dismissed from the case soon after the federal agency was sued. Thus, it is within the court's discretion to remand this case to state court.

The court, in making the decision to remand, notes that the present case had proceeded in state court for over ten years before the case was removed to this court. The court believes the state court can continue with this case without the necessity of a new judge trying to sift through ten years of litigation and numerous pleadings and decisions. It would be in the interest of justice and judicial economy to allow the case to continue in state court. Therefore, this court declines to exercise jurisdiction over the remaining claims. The court will, therefore, remand this action to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Therefore:

IT IS ORDERED that the motion of the defendant, United States Environmental Protection Agency, to dismiss for lack of subject matter jurisdiction be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the defendant, United States Environmental Protection Agency, to dismiss for failure to state claim upon which relief can be granted be and it is hereby GRANTED.

IT IS FURTHER ORDERED that this case be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

IT IS FURTHER ORDERED that the motion of the defendant, United States Environmental Agency, to strike plaintiff's request for jury trial is moot, and is therefore DENIED without prejudice.