USCA1 Opinion

 

 June 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2395 JOHN NIKAS, Plaintiff, Appellant, v. MICHAEL QUINLAN, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ____________________ John Nikas on brief pro se. __________ Donald K. Stern, United States Attorney, and Mary Elizabeth _________________ _______________ Carmody, Assistant United States Attorney, Senior Litigation Counsel, _______ on brief for appellees. ____________________ ____________________ Per Curiam. Plaintiff-appellant John Nikas is a ___________ Massachusetts inmate who began serving his sentence in a state correctional institution but was later transferred to a federal prison. In 1992, while still in federal custody, Nikas brought this pro se suit in the Massachusetts Superior ___ __ Court alleging various violations regarding state-to-federal transfer and classification procedures, as well as his continuing federal confinement. The Superior Court docket indicates that the case, Nikes (sic) v. Vose, Commr of _____ ________________ Corrections, et al., No. 92-01988, was filed on April 1, ____________________ 1992. The fourteen named defendants fell into two categories: Vose, et al, (seven state defendants), and Quinlan, et al, (seven federal defendants). On August 3, 1992, the United States, acting on behalf of Quinlan and federal defendant Keohane -- both were, at the time of acts alleged in the complaint, in the employ of the Federal Bureau of Prisons -- removed the case to federal district court pursuant to 28 U.S.C. 1442(a)(1), the general federal officer removal statute.1 ____________________ 1. Section 1442 provides in pertinent part: (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals . . . . (continued...) -2- The removal petition was captioned: Nikas v. _____ Quinlan, et al., and the case was docketed as such in the ________________ district court. On October 5, 1992, the federal defendants moved to dismiss, and, on October 21, 1992, the district court endorsed the motion as follows: Motion to Dismiss is granted for insufficiency of service of process. Case is closed. Nikas' intervening motion (captioned Nikas v. Vose, et al.), _____ ____________ filed October 16, 1992, objecting to an earlier procedural order and demanding that the case be remanded to state court on abstention grounds, was not ruled upon. Judgment entered on all claims for the federal defendants and this appeal was taken by Nikas. Although we see no impropriety in the removal itself, we do not reach the merits of the appeal since, as the above recitation suggests, the judgment of the district court is not final and this court lacks appellate jurisdiction. When the United States exercised its ____________________ 1. (...continued) 28 U.S.C. 1441(a)(1). Since Nikas sued the federal officers solely in their individual capacities, the complaint was subject to removal under 1442(a)(1). See Conjugal ___ ________ Partnership v. Conjugal Partnership, F.3d , No. 93- ___________ ____________________ ____ ____ 1404, slip op. at 11 (1st Cir. May 4, 1994). In addition to granting independent jurisdiction over state-court cases involving federal officers, a 1442(a)(1) removal to federal court creates ancillary jurisdiction over the non-federal elements of the controversy. IMFC Professional Services v. ___________________________ Latin American Home Health, 676 F.2d 152, 158 (5th Cir. ____________________________ 1982). -3- prerogative under 1442(a)(1), the entire case, embracing all claims against all parties, federal and non-federal, was transferred to federal court. Polyplastics v. Transconex, ____________ __________ 713 F.2d 875, 877 (1st Cir. 1983); Murphy v. Kodz, 351 F.2d ______ ____ 163, 166-67 (9th Cir. 1965); see also Arango v. Guzman Travel ___ ____ ______ _____________ Advisors, 621 F.2d 1371, 1377-78 (5th Cir. 1980) (removal ________ under 1441(d) "carried with it the remaining parties in the state proceeding"). This jurisdiction was not lost when the federal defendants were dismissed. See Jamison v. Wiley, 14 ___ _______ _____ F.3d 222, 239 (4th Cir. 1994); IMFC Professional Services, ___________________________ 676 F.2d at 159; Watkins v. Grover, 508 F.2d 920, 921 (9th _______ ______ Cir. 1974); Murphy, 351 F.2d at 167. The state defendants ______ remained before the district court until, in the exercise of its discretion, the court either addressed the ancillary claims or remanded the case to the Superior Court. IMFC ____ Professional Services, 676 F.2d at 160; Watkins, 508 F.2d at _____________________ _______ 921; Murphy, 351 F.2d at 168; cf. Brough v. United ______ ___ ______ ______ Steelworkers of America, 437 F.2d 748, 750 (1st Cir. 1971) ________________________ (although district court did not consider whether to remand or entertain ancillary matters, state court claims involving solely issues of local law were subject to remand); District ________ of Columbia v. Merit Systems Protection Bd., 762 F.2d 129, ___________ _____________________________ 133 (D.C. Cir. 1985) (same). Since the district court did not issue a certification pursuant to 28 U.S.C. 1292(b) with respect to -4- its dismissal order, that order is not final under 28 U.S.C. 1291 as it did not settle the rights and liabilities of all parties. Fed. R. Civ. P. 54(b). Further, under Rule 54(b), any such order is potentially "subject to revision at anytime before the entry of judgment adjudicating all the claims . . . of all the parties." Nor do we perceive any irreparable harm from the denial of appellate review until the entire case is adjudicated. Cohen v. Beneficial Loan Corp., 337 _____ ______________________ U.S. 541, 546 (1949). We think it preferable, noting that Nikas' motion to remand remains pending below, that the district court in the first instance, decide whether to hear the case or remand to state court.2 Consequently, lacking a final judgment, we are without a jurisdictional basis to decide this appeal. Appeal dismissed. ________________ ____________________ 2. Discretionary remand has been considered the preferable course when the federal predicate is eliminated from the case in the early stages of litigation. Arango, 621 F.2d at 1376- ______ 77 n.6. -5-