**BELLER & KELLER, Plaintiff–Appellee,**

v.

**Joseph TYLER, Defendant,**

and

**Tyrone Kindor, Defendant–Appellant.**

**No. 1000, Docket 96–7943.**

United States Court of Appeals,
Second Circuit.

Argued March 4, 1997.

Decided July 21, 1997.

---

Roy H. Carlin, New York City, for Plaintiff-Appellee.

David O. Wright, Shrub Oak, NY, for Defendant-Appellant.

Before: WALKER, McLAUGHLIN,
Circuit Judges, and CHIN, District Judge.*

McLAUGHLIN, Circuit Judge:

Defendant appeals from an order entered July 3, 1996 in the United States District Court for the Southern District of New York (Patterson, *J.*). The order denied defendant's motion, pursuant to Federal Rule of Civil Procedure 60(b)(4), to vacate, as void, the default judgment entered against him on December 19, 1994.

---

* Hon. Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

1. We note that the docket sheet does not indicate that, as is common practice, a default was entered by the clerk of the court before the entry of the default judgment. *See* Fed.R.Civ.P. 55(a) ("When a party against whom judgment ... is sought has failed to plead or otherwise defend as

## Background

On October 21, 1994, Beller & Keller ("B & K"), a New York law firm, brought this breach of contract action against Arizona residents Tyrone Kindor ("Kindor") and Joseph Tyler ("Tyler"). Jurisdiction rested upon diversity of citizenship. 28 U.S.C. § 1332. The action seeks to recover legal fees and expenses the defendants allegedly owe the firm.

B & K had Tyler served with a summons and complaint on October 25, 1994. After several unsuccessful attempts to have Kindor served personally, B & K opted to serve him under New York's "nail and mail" provision, CPLR § 308(4), an option available under Federal Rule of Civil Procedure 4(e)(1) ("[S]ervice ... may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located...."). On November 2, 1994, B & K had the summons and a copy of the complaint "nailed" to Kindor's door, and mailed him copies.

Both defendants failed to respond. On December 6, 1994, B & K filed an *ex parte* application for a default judgment, which the district court granted. Judgment was entered against the defendants, jointly and severally, for $94,028.84.[1]

On December 21, 1994, the defendants, invoking Federal Rules of Civil Procedure 55(c) and 60(b)(1), filed a motion to vacate the default judgment. Both Kindor and Tyler filed affidavits stating that they had a "meritorious defense" to B & K's claim. They also asserted that their failure to respond was due to "excusable neglect."

Following a hearing on December 23, 1994, the district court denied the defendants' motion to vacate the default judgment. The

provided by these rules ... the clerk shall enter the party's default."). "Since the court has the authority to enter a judgment by default, it impliedly has the power to perform the ministerial function assigned to the clerk of entering default." 6 *Moore's Federal Practice* § 55.02[3] (2d ed.1983). We assume that the district court exercised that power in this case.

defendants never filed a notice of appeal from that order.

Over a year later, on March 15, 1996, defendant Kindor filed a second motion to vacate the default judgment.[2] Kindor cited Federal Rule of Civil Procedure 60(b)(4), which states that "the court may relieve a party or a party's legal representative from a final judgment . . . [if] the judgment is void."

Kindor maintains that the default judgment is void because it was entered before the time to answer had expired, and, therefore, his argument runs, its entry violated his right to due process. More specifically, Kindor argues that since B & K elected to serve him under the CPLR's "nail and mail" method of service, the time to answer must be calculated by reference to the CPLR, not the Federal Rules of Civil Procedure.

The district court determined that the default judgment was not entered prematurely, and denied Kindor's motion. Kindor now appeals.

## Discussion

### I. Procedural Quirks

We first consider whether the district court should even have entertained Kindor's second motion to vacate the default judgment.

#### 1. Is the Instant Motion Properly Brought Under Rule 60(b)(4) ?

Rule 60(b) lists six grounds for "reliev[ing]" a party from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective applica-

tion; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff contends that Kindor's motion, while styled a Rule 60(b)(4) motion, is actually a Rule 60(b)(1) claim of "mistake." Although most motions to declare a judgment void rest on claims that the court lacked jurisdiction over the parties, the subject matter, or both, a judgment is equally void if a court with jurisdiction has "acted in a manner inconsistent with due process of law." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 39 (2d Cir.1989) (citations omitted); *O'Brien v. Nat'l Property Analysts Partners*, 739 F.Supp. 896, 900 (S.D.N.Y.1990); 12 *Moore's Federal Practice* § 60.44[4] (3d ed.1997). There is case law support for the proposition that a default judgment entered before the time to answer expires violates due process. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985) (default judgment was improperly entered where twenty-day period for filing answer had not expired and there was no evidence that complaint was properly served); *Red Creek Nat'l Bank v. Blue Star Ranch, Ltd.*, 58 A.D.2d 983, 396 N.Y.S.2d 936, 937 (4th Dep't 1977) ("Since here the default judgment was entered before the expiration of the 30–day statutory period in which defendant could appear and answer . . . , it was a nullity and was required to be vacated upon proper motion. . . ."). We will assume, therefore, for purposes of this appeal, that Kindor's motion was properly brought under Rule 60(b)(4).

#### 2. Waiver.

Kindor filed his first Rule 60(b) motion (claiming "excusable neglect" under subdivision (1) of the Rule) within a few days after the default judgment was entered. The motion was denied, and Kindor failed to file an appeal. He then waited over a year from the denial of his initial motion before filing his Rule 60(b)(4) motion.

We recognize that "a void judgment cannot acquire validity because of laches on the part of the judgment debtor." 11 Wright & Miller, *Federal Practice and Procedure* § 2862; *Ruddies v. Auburn Spark Plug Co.*, 261

---

**2.** Defendant Tyler did not participate in the second motion, or in this appeal.

F.Supp. 648, 657 (S.D.N.Y.1966). In this case, however, Kindor did not merely delay advancing his claim that the judgment is void. Kindor raised the voidness challenge for the first time in his second motion to vacate. Kindor had every opportunity to raise the voidness argument in his first motion to vacate, and he failed to do so. There is nothing in the record to explain this lapse. Kindor, having foregone that initial opportunity, could reasonably be held to have waived his right to raise the argument in his subsequent motion to vacate. *See Locklin v. Switzer Bros., Inc.*, 335 F.2d 331, 332 (7th Cir. 1964); *Morgan Consultants v. American Telephone & Telegraph Co.*, 546 F.Supp. 844, 847 (S.D.N.Y.1982); 12 *Moore's Federal Practice* § 60.69 ("Because Rule 60(b) rulings that are final are appealable, a party who is aggrieved by an adverse ruling on a Rule 60(b) motion must appeal it or waive any complaints about the ruling.").

### 3. Timeliness.

Furthermore, a Rule 60(b)(4) motion must be made "within a reasonable time" after entry of the judgment. Courts have been exceedingly lenient in defining the term "reasonable time," with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void "may be made at any time." 12 *Moore's Federal Practice* § 60.44[5][c]; *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir.1981); *Crosby v. The Bradstreet Co.*, 312 F.2d 483, 485 (2d Cir.1963) (judgment vacated as void thirty years after entry).

Under these circumstances, however, where Kindor previously filed a motion to vacate and failed to raise the voidness argument, we could easily be persuaded that Kindor's Rule 60(b)(4) motion was not made within a "reasonable time." *See Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir.1983) (second motion to vacate filed a year after judgment was entered, and raising, inter alia, voidness argument, was not filed in a "reasonable time").

The district court probably should have just denied the motion as untimely. The court, however, decided the motion on the merits and the parties have briefed the merits on appeal. We believe, therefore, that we should reach the merits.

## II. The Merits

### 1. Calculating the Time to Answer When Service in a Federal Suit is Made Pursuant to State Law.

Federal Rule of Civil Procedure 4(e), in relevant part, states that:

> ... [S]ervice upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located ... for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State.

As authorized by this provision, B & K chose to serve Kindor pursuant to CPLR § 308(4), which delineates what is commonly referred to as "nail and mail" service. Section 308(4) states that service can be effected by

> affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons ... [to] his or her actual place of business.
>
> ...
>
> [P]roof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing.

Thus, "nail and mail" service requires three steps: (1) affixing the summons to the defendant's door; (2) mailing the defendant a copy of the summons; and (3) filing "proof of service" with the court.

New York law further provides that service is deemed "complete" ten days after "proof of service" is filed, CPLR § 308(4), and that a defendant served by "nail and

mail" has thirty days to file an answer (or a notice of appearance) once service is complete. CPLR § 320.

Kindor asserts that in calculating when his answer was due, the district court should first have determined when service was "complete" under the CPLR by applying the ten-day period after B & K filed "proof of service." From that date, Kindor maintains, the district court should have permitted him thirty days to file an answer.

B & K, however, responds that the Federal Rules of Civil Procedure authorize "borrowing" the "nail and mail" *method* of service, but that is all. They do not "borrow" either the ten-day period between the time "proof of service" is filed and the time "service is complete," or the thirty-day time period to file an answer. B & K insists that under Federal Rule of Civil Procedure 12(a), Kindor had only twenty days from receipt of the summons and complaint to file an answer, and the federal rule alone governs the time to answer.

Before the 1993 amendments, Rule 12(a) provided that:

> (1) Unless a different time period is prescribed in a statute of the United States, a defendant shall serve an answer
>
>> (A) within 20 days after the service of the summons and complaint upon that defendant ... *except when service is made under Rule 4(e)* [permitting service pursuant to state law] and a different time is prescribed ... *in the statute or rule of court of the state.*

Fed R. Civ. P. 12(a) (emphasis added). Under this earlier version of the rule, the time periods in the CPLR probably applied to an action filed in federal court. *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1346 ("[T]he 20 day [federal] time limit is displaced if a different time limit is prescribed in the ... statute or rule of court of the state pursuant to which service is made.").

Rule 12(a), however, was amended in 1993, and the language referring to time periods contained in state law was deleted. The rule now reads (as it did at the time B & K served Kindor in 1994):

> Unless a different time period is prescribed in a statute of the United States, a defendant shall serve an answer ... within 20 days after being served with the summons and complaint.

The current version of Rule 12(a) says nothing about borrowing time periods from state law.

Kindor seeks to avoid the impact of this clear language by arguing that Rule 12(a)'s current reference to a "different time period [ ] prescribed in a statute of the United States" includes the provision in Federal Rule of Civil Procedure 4(e) that permits service pursuant to state law. Kindor contends that Federal Rule of Civil Procedure 4(e) is a "federal statute" that prescribes (by reference to state law) a "different time period." We reject this argument.

First of all, the word "statute" does not refer to the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure have the effect of a statute, the Rules themselves are not statutes. *Barrezueta v. Sword S.S. Line, Inc.*, 27 F.Supp. 935, 935 (S.D.N.Y.1939) (the Rules have the same effect as statutes); *Winkelman v. General Motors Corp.*, 48 F.Supp. 504, 514 (S.D.N.Y.1942), *aff'd*, 136 F.2d 905 (1943). The Rules are proposed by an advisory committee and adopted by the United States Supreme Court. *Westland Oil Co. v. Firestone Tire & Rubber Co.*, 3 F.R.D. 55, 56 (1943). Second, to whatever extent Kindor's argument points to an arguable ambiguity in Rule 12(a), the advisory committee's "note" to Rule 12(a) dispels any uncertainty. The "note" is published at 127 F.R.D. 237, 306–7 (1989) and states:

> Subdivision (a) is amended to strike the reference to state law with respect to the time for answer. This amendment accords with the amendment to Rule 4 in providing nationwide uniformity with respect to the form and content of a summons: 20 days after service of the summons is the time normally required for answer wherever the district court may sit....

■ We hold that under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty days from receipt of the

summons to file an answer unless a federal statute provides otherwise. This is so even if, as permitted by Federal Rule of Civil Procedure 4(e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer.

Coming back to the calculation of time: On November 2, 1994, B & K "nailed" the complaint and summons to Kindor's door and also mailed him a copy. The answer was therefore due on November 22, 1994. The additional proof of service requirement of CPLR § 308(4) (along with its twenty-day time limit and its ten-day post-filing period) serves only one purpose: triggering the thirty-day time limit in which to file an answer in state court. As noted above, the amendment to Rule 12 specifically superseded all state law requirements relating to the time in which to answer. Hence, the proof of service ritual has no bearing on calculating the time in which to answer in federal practice. Indeed, were we to import the New York proof of service rigamarole into federal practice, we would undermine the express purpose of the recent amendments to the Federal Rules of Civil Procedure: nationwide uniformity for service of process in federal courts.

Kindor argues that since service was—at least in part—by mail, he should be given three extra days as provided in Federal Rule of Civil Procedure 6(e). Even assuming he is right on this point, the answer would have been due on November 25, 1994. The default judgment was entered on December 7, 1994, well after the answer was due.

In sum, Kindor's complaint that the default judgment was entered before the time to answer expired is without merit. His contention that the judgment is void was properly rejected by the District Court.

We have considered all of Kindor's other contentions on appeal and find them to be without merit. We affirm.