Annie PARKER, PPA,

v.

Anthony DELLA ROCCO, Jr., et al.

No. 3:98CV00004 (JBA).

United States District Court,
D. Connecticut.

Oct. 27, 2000.

Irving J. Pinsky, John-Henry McKim Steele, Votre & Associates, New Haven, CT, for Annie Parker, PPA.

Kevin P. Walsh, Robert J. Flanagan, Jr., Cella, McKeon & Williams, North Haven, CT, for Anthony Della Rocco, Jr.

Stephen R. Griffin, Griffin & Griffin, Waterbury, CT, for Webster Bank.

Audrey Claire Kramer, Office of Corporation Counsel of City of New Haven, New Haven, CT, for New Haven Health Dept.

William A. Collier, U.S. Atty's Office, Hartford, CT, for HUD.

### RULING ON MOTION TO REOPEN [Doc. # 20]

ARTERTON, District Judge.

### Background

This action was originally filed in the Superior Court for the Judicial District of New Haven in 1997 and was removed to federal court by the United States Department of Housing and Development ("HUD") on January 5, 1998. The sole basis for federal subject matter jurisdiction was 28 U.S.C. § 1442, because HUD is an agency of the United States. On March 9, 1998, after the parties failed to submit their required Rule 26(f) report, this Court issued a Notice to Counsel [Doc. # 13], indicating that failure to file the report would result in sanctions. On March 19, 1998, plaintiff withdrew its claim against HUD [Doc. # 15]. This Court entered judgment dismissing the case for failure to comply with Local Rule 38 on March 25, 1998 [Doc. # 17].

Over two years later, on August 17, 2000, plaintiff filed the presently pending Motion to Reopen and Remand the Case Back to State Court, claiming that because this Court lost subject matter jurisdiction after HUD was dismissed, the judgment entered March 25, 1998 was void, and asking that the judgment be reopened pursuant to Fed.R.Civ.P. 60(b)(4). The plaintiff claims that after HUD's dismissal, the only course of action this Court had jurisdiction to take was to remand the case to state court, pursuant to 28 U.S.C. § 1447(c).

### Discussion

#### 1. Rule 60(b)(4)

Fed.R.Civ.P. 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void...." Although Rule 60(b) expressly provides that motions made for certain other reasons, not relevant here, be made "not more than a year after the judgment, order, or proceeding was entered or taken," the only restriction applicable to Rule 60(b)(4) is that it must be made within a "reasonable time."

██ Although Rule 60(b) ostensibly imposes a time restriction, "reasonable" has been so broadly construed that some courts have held that a motion may be made pursuant to Rule 60(b)(4) "at any time." *See, e.g., McLearn v. Cowen & Co.,* 660 F.2d 845, 848 (2d Cir.1981); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 950 (7th Cir.2000). "Courts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges." *Beller & Keller v. Tyler,* 120 F.3d 21, 24 (2d Cir.1997). In *Beller & Keller,* however, the court found that where the party seeking relief under Rule 60(b)(4) had filed another motion under Rule 60(b) a year and a half earlier but did not raise the voidness argument at that time, the inexplicable delay made the second Rule 60(b) motion untimely. *See id.* Here, given the lenient interpretation of the timeliness requirement and the fact that this is the first motion by the plaintiff, the two year delay, although unexplained, does not bar relief under Rule 60(b), if in fact plaintiff is entitled to it.

██ A judgment is void under Rule 60(b) "only if the court which rendered it lacked jurisdiction of the subject matter or of the

parties, or if it acted in a manner inconsistent with due process of law." *O'Rourke Bros.*, 201 F.3d at 951; *accord Beller & Keller*, 120 F.3d at 23. Therefore, if the Court lacked subject matter jurisdiction over the case after HUD was dismissed, as the plaintiff now claims, the judgment dismissing the case for failure to comply with Local Rule 38 is void.

### 2. Subject matter jurisdiction

The statute governing removal of actions to federal court, 28 U.S.C. § 1447, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiff now argues that the Court lost subject matter jurisdiction as soon as HUD was dismissed, and therefore was required by this statute to immediately remand to Superior Court. In response, defendant New Haven Health Department claims that this Court had jurisdiction to enter the judgment of dismissal for failure to comply with Local Rule 38 because after removal by HUD, the Court had discretion to exercise jurisdiction over the pendent state law claims. *See* Doc. # 22.

■ Although this Court could choose to exercise jurisdiction over state law claims that are supplemental to other claims over which it has original jurisdiction, *see* 28 U.S.C. § 1367, defendant's argument does not address the fact that here there were no federal claims asserted, and the basis for federal jurisdiction, and removal, was not the existence of a federal question but rather that HUD was an agency of the United States, under 28 U.S.C. § 1442. The question before the Court is whether, once the basis for federal jurisdiction under § 1442 was no longer present, the Court lost subject matter jurisdiction over the case, and, if so, whether it was required to remand the case immediately, rather than dismiss for failure to comply with Rule 38.

In *Mizuna, Ltd. v. Crossland Federal Savings Bank*, 90 F.3d 650, 657 (2d Cir.1996), the Second Circuit considered whether a district court that had exercised subject matter jurisdiction over a case based on the presence of the FDIC as a defendant, as authorized by 12 U.S.C. § 1819(b)(2), could retain jurisdiction over the state law claims against the remaining defendant after the FDIC was dismissed. The court concluded that "[o]nce the district court exercised original jurisdiction over Mizuna's claims against the Bank [and the FDIC], it also had supplemental jurisdiction over Mizuna's claims against [the other defendant] because the two claims are clearly 'so related' as to be part of the same controversy." *Id.* (citations omitted) Thus, after the Bank and the FDIC were "dropped from the case, the district court still had the power under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims." *Id.*

Similarly, in *IMFC Professional Servs., Inc. v. Latin Am. Home Health Inc.*, 676 F.2d 152, 158–59 (5th Cir.1982), the court concluded that in a case removed under 28 U.S.C. § 1442(a)(1), that statute "creates a species of ancillary jurisdiction over the non-federal elements of the case" and that the dismissal of the federal officer or agency "does not deprive the court to dispose of the ancillary matters even though the court would not have had jurisdiction over these matters but for ancillarity." Numerous other cases have reached the same conclusion. *See, e.g., District of Columbia v. Merit Systems Protection Bd.*, 762 F.2d 129, 132–33 (D.C.Cir.1985) ("If the federal party is eliminated from the suit after removal under [23 U.S.C. § 1442(a)(1) ], the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court.") (citations omitted); *Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir.1986) (same); *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974) (same); *Gulati v. Zuckerman*, 723 F.Supp. 353, 358–59 (E.D.Pa.1989) (same); *Ewell v. Petro Processors*, 655 F.Supp. 933, 936–37 (M.D.La.1987); *Peroff v. Manuel*, 421 F.Supp. 570, 576 (D.D.C.1976) (same).

In her reply to defendant's objection to the motion to reopen and remand, plaintiff suggests that the 1988 amendments to 28 U.S.C. § 1447(c) render previous case law interpreting older versions of that statute inapposite,

citing *Bailey v. Wal–Mart Stores, Inc.*, 981 F.Supp. 1415, 1416–17 (N.D.Ala.1997) ("There is a stark difference between the language of pre–1988 subsection (c) [of 28 U.S.C. § 1447] and new subsection (c) ..."). *Bailey* was a diversity case, in which the plaintiff amended her complaint to assert an amount in controversy just lower than the statutory minimum, after the defendant removed to federal court. The court rejected defendant's arguments that it was bound by whether it had subject matter jurisdiction at the time of removal, and concluded that postremoval changes may defeat federal subject matter jurisdiction. *See id.* The court noted that it had "found no case directly on point supporting remand under these circumstances, [but noted that] neither has the court found any case rejecting this court's reading of the 1988 amendment to § 1447(c)." *Id.* at 1417.

However, several recent cases rely on the pre-Amendment cases discussed above to reach the conclusion that the courts do not lose subject matter jurisdiction with the dismissal of the federal defendant, including the Second Circuit's *Mizuna* decision. *See, e.g., Mizuna,* 90 F.3d at 657; *Maus v. Curran,* 945 F.Supp. 1217, 1219 (E.D.Wis.1996) (court retains subject matter jurisdiction over claim against remaining defendants); *Mill Investments, Inc. v. Brooks Woolen Co., Inc.,* 797 F.Supp. 49, 51–52 (D.Me.1992) (court retains supplemental jurisdiction under 28 U.S.C. § 1367 over claims against non-federal defendant which "form part of the same case over which the Court had original jurisdiction"); *cf. Jamison v. Wiley,* 14 F.3d 222, 239 (4th Cir.1994) (" 'the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit' ") (*quoting* 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3739, at 582).

Here, as in *Mill Investments,* the claims against the non-governmental defendants arise out of the same case as the claims against HUD, the alleged negligence of all the defendants with regard to the lead paint to which the plaintiff's daughter was exposed. Because the exercise of jurisdiction over the remaining state law claims once HUD was dismissed was proper, there is no basis for finding that the judgment of dismissal is void under Rule 60(b)(4), and thus plaintiff is not entitled to have the case reopened and remanded.

### Conclusion

For the reasons discussed above, the plaintiff's Motion to Reopen and Remand the Case Back to State Court [Doc. # 20] is DENIED.

IT IS SO ORDERED.